Bitting *et al. v.* Ten Eyck.

---

No. 8853.

## BITTING ET AL. *v.* TEN EYCK.

RECEIVER.—*Power to Appoint.*—The courts of this State, under the code, have the same power, for the same purposes and under the same emergencies, to appoint receivers, as had the courts of equity before the adoption of the code.

SAME.—*Action of Ejectment.—Crops.*—In an ejectment suit, it is no objection to an application for a receiver to take charge of the crops, that no reason is shown why the action can not be speedily tried and the rights of the parties thereby saved.

SAME.—*Practice.—Jury Trial.—Change of Venue.*—The appointment of a receiver, in a pending action, is made by the court upon motion without the formation of issues, and without the aid of a jury, the evidence consisting of the verified application and such affidavits and depositions as the parties may offer. An application for a change of venue from the county does not affect the power of the court to make the appointment.

SAME.—*Pleading. — Practice. —* An unsworn denial is not a good answer to an application for the appointment of a receiver in a pending action, and may be stricken out on motion; the sustaining of a demurrer to such answer is not available error.

PRACTICE.—*Change of Judge.—Record of Appointment of Other Judge.*—When a change is taken from the presiding judge, and another judge is called, the latter may proceed in the case before the record of his appointment has been made up and signed.

SAME.—*Ejectment.—New Trial as of Right.— Waiver of Exceptions.*—By taking a new trial, in an action of ejectment, as a matter of right upon payment of costs, the party waives exceptions to rulings made at the trial had.

SAME.—*New Parties Admitted After First Trial.*—When, in an action of ejectment against one, the defendant had taken a new trial as matter of

| 85 | 357 |
|---|---|
| 134 | 604 |
| 85 | 357 |
| 142 | 326 |
| 142 | 527 |
| 85 | 357 |
| 150 | 285 |
| 85 | 357 |
| 156 | 580 |

right, and thereupon others were made defendants upon their own motion, and a second trial had, the new parties were not entitled to a new trial as of right.

EVIDENCE.— *Witness.—Competency of Party.*—The plaintiff in ejectment had contracted in writing for the sale of the land to the defendant, and upon a decree of foreclosure of his lien as vendor had repurchased the land and had obtained the sheriff's deed; and the children of the principal defendant, having been admitted to defend, set up that the contract of sale, though made in the name of their father, was for the benefit of their mother, who was not made a party to the foreclosure, and that as her heirs they had her rights.

*Held,* that there was no error in permitting the plaintiff to testify concerning the possession of the premises by the principal defendant before the commencement of the action.

From the Tippecanoe Circuit Court.

*R. Jones, J. L. Miller* and *B. W. Langdon,* for appellants.
*F. B. Everett* and *J. M. Larue,* for appellee.

WOODS, J.—The appellee brought, in the Superior Court of Tippecanoe County, an action of ejectment against the appellant Francis L. Bitting, who answered by a general denial. The appellee then filed a verified supplemental complaint, asking the appointment of a receiver to take charge of and sell the crops on the land, and hold the proceeds under the order of the court.

Thereupon the defendant filed an application for a change of venue from the county, which motion the court ordered granted as to the principal action, but did not designate the county to which the change should be, until after disposition of the application for the appointment of a receiver.

The defendant then filed an application for a change of judge, and for a change of venue from the county in respect to the supplemental complaint. The change of judge was granted, and the judge of the Tippecanoe Circuit Court was appointed, and proceeded to hear the application for a receiver. Before the judge so called in, the defendant renewed his motion for a change of venue from the county, and, this and his demurrer to the application for the appointment of a receiver having been overruled, he answered the application

Bitting *et al. v.* Ten Eyck.

by a general denial (not sworn to), and demanded a jury trial, which was denied him.

The appellee demurred to the answer, the court sustained the demurrer, and, upon the sworn application and upon affidavits read by either party, ordered the appointment of a receiver, who qualified by giving bond to the court's approval.

The venue in the principal case was then changed to the Benton Circuit Court, where a trial was had, and judgment was given for appellee for the recovery of the property; and for damages for the detention to the date of the judgment, assessed at $100, together with costs.

Within the year the defendant paid into court the damages and costs, and was granted a new trial as a matter of right, under the statute. Thereupon the children and co-appellants of the said defendant moved the court for an order upon the plaintiff to make them defendants, which motion, over the objection and exception of the plaintiff, the court sustained; and the plaintiff accordingly filed an amended complaint, making them parties defendants.

The venue of the case was then changed to Jasper county, and thence, afterwards, by agreement, to the Tippecanoe Circuit Court, where a trial had at the April term, 1880, resulted in a second finding and judgment for the appellee, the damages for the detention being assessed at $566.60, and it being ordered as a part of the judgment that the $100, before paid into court on the application for a new trial as of right, be applied on the damages so finally assessed.

The defendants joined in a motion for a new trial, for reasons stated; and those who were made defendants after the first trial moved for a new trial as a matter of right, not paying the costs, but alleging that no costs or damages had been adjudged against them.

Exceptions were taken to the various rulings of the court, which have been recited, and to other rulings to be stated in their proper order; and it is now insisted that the court erred in overruling the demurrer to the supplemental complaint for

the appointment of a receiver; in sustaining the demurrer to the answer to that complaint; in compelling the defendant to answer after an affidavit had been filed for a change of venue and a change granted; in refusing a change of venue in reference to the appointment of the receiver; and in refusing a jury trial upon that application.

The only objection pointed out by counsel to the application for a receiver is, that "no reason is shown why the original case could not be tried and all the rights of the appellee saved by a trial of the original cause." But this is an impracticable objection. It can not be anticipated, as the history of this case strongly illustrates, when a pending action may be brought to trial. A party may need, and upon a proper showing may have, a receiver for the purposes of a short as well as for a protracted litigation.

The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it. From the very nature of the power and of the purposes for which it may be invoked, its efficiency depends on the promptness with which it may be exercised. The same power is conferred by the code upon the courts of this State, to be exercised for the same purposes and in the same emergencies, as in the courts of equity before the adoption of the code. *Connelly* v. *Dickson,* 76 Ind. 440. And it is plain that the formation of issues and the intervention of juries for their trial, at least in cases of interlocutory applications for such appointments, were not contemplated. The principle, in ordinary practice, is to appoint a receiver with the sole view of preserving the property, and not to inquire into the merits. It is done upon motion, the evidence heard being the sworn pleadings of the parties, and such affidavits or depositions as may, within the rules of practice, be offered on either side. Edwards Receivers, 13–22, 76–85; Kerr Receivers, 134–144; High Receivers, 62–79.

There was, therefore, no error in sustaining the demurrer

to the general denial of the application, though it would have been a better practice to have reached the same result by means of a motion to strike out or to reject.

It follows, too, that it was proper to dispose of the application before the perfecting of the change of venue from the county.

The objection is made, that the judge who was called in to dispose of the application, after a change had been taken from the regular judge, proceeded at once, before the record of his appointment had been entered and signed. We see no force in the objection.

Before asking for a new trial as a matter of right, in the Benton Circuit Court, the defendant moved for a new trial for cause, and now complains that this was not granted.

Besides the manifest insufficiency of the alleged cause, the defendant waived any question concerning the ruling, by taking a new trial as of right. The taking of a new trial under the statute necessarily eliminates from the record all errors which may have intervened at the trial had. If the party would avail himself of such errors, he must abide by the rulings, permit judgment to go, and take his appeal.

There was no error in refusing a second trial as a matter of right, on the motion of the defendants who came into the case after the first trial. They came in of their own choice, against the protest of the plaintiff, and must be considered as having elected to abide by the result of the case as if they had been in from the beginning. *Crews* v. *Ross,* 44 Ind. 481.

If they had been brought in by an amendment made upon the plaintiff's own motion, we might reach a different conclusion, for if, in such case, the new party were denied the right to a second trial, the plaintiff might purposely omit bringing the real defendant into the case until after a trial had been had, in order to deprive him of this important safeguard against surprise or undue advantage taken of him in a single trial. We decide nothing, however, on this point.

It is next insisted that the admission of the testimony of

the appellee was erroneous, because the infant defendants claimed title from their mother, who had died, and that, consequently, the plaintiff was not a competent witness against them.

It is a sufficient answer that the appellee's action was not founded on a contract with or demand against the deceased mother, but upon a sale made upon the foreclosure of a vendor's lien against the father, the original defendant in the case, against whom the testimony was clearly competent. It was the claim of the children, or the claim made for them, that the written contract which purported to be between the appellee and their father was in fact a contract with their mother for the sale of the property by the appellee to her, and, consequently, that the foreclosure and sale against their father did not cut off their rights as heirs of the mother. The interposition of this defence by them, contrary to the terms of the writing, could not deprive the appellee of the right, upon his own theory of the case, to testify as to what occurred between him and the father in reference to the possession of the property after the death of the mother, and before the bringing of the action.

We find no error in the record. The judgment is, therefore, affirmed, with costs.

Opinion filed at the May term, 1882.
Petition for a rehearing dismissed at the November term, 1882.