No. 17,404.

GALLOWAY ET AL. *v.* CAMPBELL.

RECEIVER.—*Nonresident Plaintiff.—Overruling Motion for Bond for Costs.*—An appointment of a receiver upon the application of plaintiff is not invalid because of the erroneous overruling of a previous motion by defendant to require plaintiff as a nonresident to file a bond for costs, under section 598, R. S. 1894.

SAME.—*To Operate Oil Wells Pending Action for Specific Performance.—Nonresident Defendants.*—The appointment of a receiver to operate oil wells pending an action for the specific performance of

a contract to assign a lease is authorized, where defendant, who is a nonresident without property in the State, save the machinery on the land, is operating the wells and selling the product.

From the Wells Circuit Court.

*A. L. Sharp* and *C. E. Sturgis,* for appellants.

*C. W. Kinnan, L. Mock* and *A. Simmons,* for appellee.

HOWARD, C. J.—This is an appeal from an order appointing a receiver to take charge of the oil produced from certain oil wells, and to take care of and superintend the production of the same, under the terms of a grant or lease, the ownership of which is in controversy between the parties.

The original action was for specific performance, brought by the appellee to require the appellants to assign to him said grant or lease for oil and gas, and the right to operate therefor, in and under certain lands described in the complaint, in pursuance of the terms of an alleged contract.

From the verified application for the appointment of a receiver, which was filed by the appellee in vacation of court, it appears that the appellants have possession of the land in question, and by their employes have sunk one well thereon and are preparing to sink others; that the well now operated produces daily thirty barrels of oil, which is run into a tank for the purpose of being shipped and sold; that the appellants are nonresidents of the State and have no property therein, save the machinery upon said land, and if they are permitted to sell or dispose of the oil taken from the wells the appellee will suffer irreparable injury.

There was an answer to the application; and numerous affidavits were filed for and against the appointment.

It was for the judge to whom the application was made to determine the probable facts from these several pleadings and affidavits. If the statements in the complaint and application, and in the affidavits in their support, are correct, it would seem that the appointment was justified.

In case the claim made by the appellee to the oil and gas, and the right to operate therefor, should be established, it might be that without a receiver to care for the oil or gas and the proceeds of its sale, great loss would be occasioned to appellee, if, as said by him, the appellants are nonresidents and are without property in the State.

Neither of the parties owns or claims to own the land from which the oil is taken, but only the grant or lease of the right to take oil or gas therefrom.

In *McCaslin* v. *State, ex rel.*, 44 Ind. 151, quoting from the statute (Cl. 3, section 1236, R. S. 1894; section 1222, R. S. 1881), which authorizes the appointment of a receiver "in all actions when it is shown that the property, fund, or rents and profits in controversy are in danger of being lost, removed, or materially injured," the court said: "There seems to be no room to doubt that the cutting down and removing of valuable timber from the land in controversy, and especially where the defendant only claimed the title and possession of such land under a title bond, the purchase-money being unpaid, and it being alleged and proved that the defendant was insolvent, would be such material injury as would justify the court in appointing a receiver to take charge of and preserve such land during the litigation."

In *Bitting* v. *Ten Eyck*, 85 Ind. 357, which was an action in ejectment, the appointment of a receiver "to take charge of and sell the crops on the land, and hold the proceeds under the order of the court," was approved. In that case it was said by Woods, J., that "the appoint-

Galloway *et al. v.* Campbell.

ment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it. * * * The principle, in ordinary practice, is to appoint a receiver with the sole view of preserving the property and not to inquire into the merits."

In *Hellebush* v. *Blake*, 119 Ind. 349, it was held that a court may appoint a receiver to take charge of personal property in litigation and within its jurisdiction.

In the case at bar, the action was concerning the ownership of a grant or lease of the right to mine and dispose of certain gas and oil; and the receiver was appointed to take charge of the oil and the production and sale of the same.

The judge, in making the appointment, is presumed to have acted on the truth of the statements made in the application and affidavits of the appellee; and, therefore, and in view of the foregoing authorities, we cannot say that the appointment of the receiver was not proper. The case seems to be one showing "the peculiar and urgent circumstances," named in 5 Wait's Actions and Defenses, 355, as necessary to justify the appointment of a receiver.

It is also claimed as error that the judge overruled a motion to require the appellants, as nonresidents, to file a bond for costs.

We are inclined to think that this motion should have been sustained, inasmuch as a bond for costs should be filed by a nonresident before the bringing of his action (section 598, R. S. 1894; section 589, R. S. 1881). We are not of opinion, however, that for this reason the appointment of the receiver was invalid. The bond for costs should be filed in the case itself, and not simply as a condition to the appointment of a receiver; and the

penalty for the refusal to file such a bond is a dismissal of the case.

The statute (section 1236, R. S. 1894; section 1222, R. S. 1881) *supra*, fixes the conditions for the appointment of a receiver. These conditions, including the filing of a receiver's bond, were complied with in the case before us.

The judgment is affirmed.

Filed October 17, 1895.