The Goshen Woolen Mills et al. v. The City Nat'l Bank of Goshen.

THE GOSHEN WOOLEN MILLS COMPANY ET AL. *v.* THE CITY NATIONAL BANK OF GOSHEN.

[No. 18,176.   Filed Jan. 27, 1898.   Rehearing denied April 8, 1898.]

RECEIVERS.—*Appointment.*—It is not necessary in an appeal from an interlocutory order appointing a receiver to inquire into the sufficiency of the complaint as the foundation of a cause of action. It is enough if, from the verified pleadings and affidavits, there was sufficient ground shown for the appointment of a receiver.  *p. 285.*

SAME.—*Appointment.*—*Fraud.*—Under the provisions of section 1236, Burns' R. S. 1894 (1222, R. S. 1881), that a receiver may be appointed where the property in controversy is in danger of being materially injured, where a corporation is insolvent or in imminent danger thereof, the court may appoint a receiver for property assigned by the corporation for the benefit of certain creditors, although no fraud is shown in such assignment, if, in the opinion of the court, such action cis necessary to secure ample justice to the parties.  *pp. 285, 286.*

SAME.—*Appointment.*—*Interest of Petitioner.*—A receiver will not be appointed on petition of one whose complaint shows no right of ultimate recovery in the action.  *p. 286.*

SAME.—*Appointment.*—*Interest of Petitioner.*—*Assignment for Benefit of Creditors.*—Where a trust deed for certain creditors provides that any surplus arising from the sale of the property after the satisfaction of such creditors shall be paid to grantor, a general creditor has such an interest as to give him the right to apply for a receiver, where there is a possibility that there will be a surplus.  *pp. 286, 287.*

| 150 | 279 |
| 156 | 582 |
| 150 | 279 |
| 157 | 298 |
| 157 | 300 |
| 150 | 279 |
| 161 | 462 |
| 150 | 279 |
| 168 | 628 |
| 150 | 279 |
| d171 | 250 |

From the Elkhart Circuit Court.   *Affirmed.*

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellants.

*Francis E. Baker* and *Charles W. Miller,* for appellee.

HOWARD, C. J.—This is an appeal from an interlocutory order appointing a receiver. The action was brought by the appellee to recover a debt alleged to be due by the appellant woolen mills company, also to set aside as fraudulent a trust deed given by said company to its co-appellant Harry L. Arnold, and to appoint a receiver to take possession of the property

of said company, and sell the same, and apply the proceeds in payment of the debts due appellee and the other creditors of said company.

It is contended by appellants that the facts alleged in the verified complaint and supplemental complaint, together with those stated in the affidavits filed in support thereof, are not sufficient to justify the appointment of a receiver. From the complaint and affidavits it is made to appear that at the institution of the suit, January 27, 1897, the appellant company was indebted to the appellee on a promissory note, then past due, in the sum of $4,303.13; that the said company was insolvent at the time of the maturity of the note, and has been insolvent ever since, being indebted to the amount of $25,000.00, which is all past due, and which the company is unable to pay, and that all its property, except in case an exceptional purchaser could be procured, would not bring, at a fair cash value in the market, to exceed $16,000.00; that on January 9, 1897, the appellants Edmund R. Kerstetter, James L. Kerstetter, Alice M. Kerstetter, Susan E. Kerstetter, and Edward Shilling, were the directors of the appellant company; and that on said day Edmund R. Kerstetter and James L. Kerstetter, president and secretary, professing to act for the company, executed to their co-appellant Arnold the deed of trust referred to, purporting to convey to him all the property of the company, in trust to sell the same within twelve months, and pay the proceeds as follows: (1) All taxes, assessments, and the expenses of the trust; (2) all debts due for work and labor; (3) an unliquidated debt due for attorneys' fees; (4) a note for $3,500.00 due Susan E. Kerstetter; (5) two notes for $3,034.38 due the Elkhart National Bank; (6) six notes due to different corporations and individuals, amounting to $9,130.88; (7) any funds remaining to be paid to the

company.  The right to appoint a new trustee in case the one so appointed should fail to act, or should resign or be removed, was reserved in the deed.  It is further charged that the acknowledgment of said deed, and the placing the same on record by the notary acknowledging the same, were fraudulent, by reason of the interest of the notary in the said instrument; that said deed was executed for the purpose of cheating, hindering, delaying and defrauding the appellee and other creditors of the appellant company; that it was executed without any consideration moving to said grantor; that it was executed without authority from the board of directors of the company; that said directors were not in a position to authorize the execution of the deed, for the reason that they were each and all interested in said instrument adversely to said appellant company; that in addition to said directors there are other stockholders of said company, and such other stockholders were not consulted with regard to the execution of said deed, nor did they know of such execution until long afterwards; that the said Edmund R. Kerstetter and James L. Kerstetter are brothers; that Susan E. Kerstetter is the wife of James L. Kerstetter; that Alice M. Kerstetter is the wife of Edmund R. Kerstetter; that Edward Shilling is the confidential man of James L. Kerstetter; that the said Harry L. Arnold is a nephew of Edmund R. Kerstetter, and a clerk in the appellant Elkhart National Bank, under the said Edmund R. Kerstetter, who is cashier of said bank; that the said directors, Edmund R. Kerstetter, James L. Kerstetter, Susan E. Kerstetter, and Edward Shilling fraudulently attempted in said instrument to create preferences in their own favor at the expense of appellee and other *bona fide* creditors of said appellant company, the particulars of their interests in such

preferences being set out; that there are debts of said company outside of the debts named in said instrument to the amount of $10,000.00; that the said Alice M. Kerstetter is not a *bona fide* director of said company, certain shares of stock having been conveyed to her without consideration on January 5, 1897, by her husband, Edmund R. Kerstetter, so that the directory should be under the control of Edmund R. and James L. Kerstetter; that long after the execution of said deed, to wit, on January 25, 1897, James L. Kerstetter, as secretary, wrote upon the records of said company what purport to be minutes of various meetings of directors, for the purpose of having it appear that such meetings had been held to authorize the execution of such written instrument, when in truth and in fact no such meetings were held; that all of the property and business of said woolen mills company continue in the control of James L. Kerstetter, who manages the same as he did before the execution of said deed; that since May, 1893, said mill has been practically idle all the time; that Edmund R. Kerstetter and Harry L. Arnold, the trustee, reside in, and their business is at Elkhart, and by reason of Arnold's subjection to Edmund R. Kerstetter he will do whatever Edmund R. Kerstetter directs; that James L. Kerstetter and Edmund R. Kerstetter are each wholly insolvent, and the said Arnold and Shilling are not believed to be financially responsible; that James L. Kerstetter and Edmund R. Kerstetter, with Arnold and Shilling, are proceeding to convert the assets of said company into cash, and apply the same to their own use under the pretense that the same is for back salaries and current pay for their services; and, if not restrained, they will continue to convert the same to their own use, as contemplated in said written instrument; and, if they are allowed to re-

main in control of said property until the determina-
tion of this suit, all of the property and assets of the
company will be beyond the reach of the appellee and
any other creditors of said company; that on January
28, 1897, and after having been notified of the bring-
ing of this action, the said Kerstetter, Arnold, Shil-
ling, and their attorneys, for the purpose of further
hindering, cheating, and defrauding appellee and
other *bona fide* creditors, conspired together to confess,
and did confess judgment in favor of Susan E. Ker-
stetter and the Elkhart National Bank upon notes in
their favor referred to in said deed of trust.

It is stated in the affidavit of the president of the
appellee bank that on January 5, 1897, at a meeting
of the directors of said bank, Edmund R. Kerstetter
was present and demanded that appellee should bind
itself not to take any action for the collection of its
debt for one year, in which event the other creditors
would make the same agreement, and that, if appellee
did not accept the terms so stated, the appellee would
regret it, "that he had never done anything crooked
yet, but that the directors of plaintiff should take
notice that people had done such things;" that his ap-
pearance in making this and other like statements
was threatening and vindictive.

One of the stockholders of the appellant company
said, in his affidavit, that he had repeatedly gone to
James L. Kerstetter, the manager of said company,
and remonstrated with him for the manner in which
said mills were carried on; that he believed the Goshen
Woolen Mills would do a profitable business if they
manufactured such goods as the trade demanded, in-
stead of trying to force upon people goods that were
out of date·and unsalable, but that said manager at
such times became angry and would have no conver-
sation with affiant; that, in a conversation with Ed-

mund R. Kerstetter, the latter admitted that it would be better if his brother could be induced to manufacture such staple cloths as were in demand, instead of running the mills on flannels; that affiant had frequently endeavored to obtain from the officers of the company a statement of the condition of its business, and information as to the times of meeting of the company, but had been unable to do so; that, during the time James L. Kerstetter has been an officer of the company, he has continued said Shilling as salesman on a salary, but that said Kerstetter has himself spent the greater part of his time at his home, or sitting around various stores in the city, and that Shilling spent his time in the warerooms, waiting for people to come and buy goods; that, when affiant spoke to Edmund R. Kerstetter of having heard that the appellee bank would not extend the time of payment of its debt, the said Kerstetter replied "that they knew better than not to extend it, because, if they didn't, he would show them a trick with a hole in it." One of the attorneys for the appellee stated in his affidavit that "on January 26, 1897, James L. Kerstetter stated to him that he and Shilling were to continue the business the same as before the trust deed was made, except that they were under the nominal direction of Arnold; that the preference in the deed to work and labor unpaid was to secure himself and Shilling for back pay."

While many of these allegations and statements may not be controlling as to the right of appellee to have a receiver appointed, yet we are of opinion that there were sufficient, such allegations and statements, which, if believed by the court, justified the appointment of the receiver. "It was for the judge to whom the application was made," as said in *Galloway* v. *Campbell*, 142 Ind. 324, "to determine the probable

facts from these several pleadings and affidavits.    If
the statements in the complaint and application, and
in the affidavits in their support, are correct, it would
seem that the appointment was justified." It was
there also said, citing *Bitting* v. *Ten Eyck,* 85 Ind. 357,
that "the appointment of a receiver is one of the pre-
rogatives of a court of equity, exercised in aid of its
jurisdiction, in order to enable it to accomplish, as
far as practicable, complete justice between the par-
ties before it."

It is not necessary, or even proper, on this appeal,
to inquire into the sufficiency of the complaint, as the
foundation of a cause of action against appellants.
It is enough if from the verified pleadings and the
affidavits there was sufficient ground shown for the
appointment of a receiver to take charge of the prop-
erty of the woolen mills during the pendency of the
action.    In section 1236, Burns' R. S. 1894 (1222, R.
S. 1881), clause 3, it is provided that a receiver may
be appointed when the property in controversy is in
danger of being "materially injured;" in clause 5, of
the same section, when a corporation "is insolvent, or
is in imminent danger of insolvency;" and in clause
7, when, in the discretion of the court or the judge in
vacation, "it may be necessary to secure ample justice
to the parties."    From the abstract of the complaint
and affidavits given above, it is clear that, under these
specifications of the statute, there were sufficient and
pertinent allegations and statements authorizing the
appointment of a receiver.

It may be, as counsel for appellants ably and stren-
uously argue, that the trust deed does not disclose
fraud; and, as held in *McFarland* v. *Birdsall,* 14 Ind.
126; *New Albany, etc., R. R. Co.* v. *Huff,* 19 Ind. 444;
*Dessar* v. *Field,* 99 Ind. 548, and *Hays* v. *Hostetter,* 125
Ind. 60, that a conveyance of land by an insolvent

debtor to a trustee for the benefit of certain creditors, to the exclusion of others, even, as here, with a reservation of the surplus to the debtor, may not be fraudulent as to the excluded creditors. But see *Thompson* v. *Parker*, 83 Ind. 96. Fraud, however, is a question of fact, to be determined as such in each case. That there are badges of fraud here shown, is unquestionable. Whether such fraud will be ultimately established, is yet to be determined. But even if the deed of trust should, in the end, be upheld, and no fraud be found, still the allegations as to material injury to the property, and those as to the insolvency of the corporation and the want of business capacity and financial responsibility on the part of those left in charge of its affairs by the nominal trustee, would justify the court in appointing a receiver, "to protect the property from material injury, and to secure ample justice to the parties."

Nor will it do to say that, if the trust deed should ultimately be held good, appellee can have no interest in the property of the company, and, consequently, no right to ask for a receiver, for the reason that the preferences named in the deed amount to as much as, or more than, the alleged value of the property. It is true that a receiver will not be appointed on petition of one whose complaint shows no right of ultimate recovery in the action. The applicant must, of course, have a real interest in the controversy.

The complaint before us does indeed state that the property of the appellant company would not bring more than $16,000.00 in the open market, unless an exceptional purchaser should be found. But such a purchaser might be found, one having a desire to engage in the woolen business, and willing to pay the cost of erecting and furnishing mills such as those of the appellant company. More than this, the deed

itself makes provision for such surplus over the pref-
erences.   It is evident, therefore, that, in any event,
whether the deed be held good or not, the appellee is
interested in the appointment of a receiver.  Judgment
affirmed.