## BOOKOUT ET AL. v. FOREMAN.

[No. 24,726. Filed December 14, 1926.]

1. RECEIVERS.—*Receiver should not be appointed for real estate fraudulently conveyed without giving notice to the owner where it did not appear that he was a nonresident or that plaintiff's interest could not be protected by restraining order.*—A receiver should not be appointed for real estate without giving notice to the owner thereof, although the former owner had transferred it to his wife with the intent to avoid payment of a note and she, with like intent, transferred it to the holder thereof at the time of the application for a receiver, where it did not appear that said holder was a nonresident, or that plaintiff's interest could not be properly protected by a restraining order. p. 546.

2. RECEIVERS.—*When receiver can be appointed without notice.*— A receiver should not be appointed without notice except where an emergency arises rendering interference necessary to prevent waste, destruction or loss of property which could not have been avoided by issuing a restraining order until notice could be given. p. 546.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Action by V. A. Foreman against William A. Bookout and others. From an order appointing a receiver without notice, the defendants appeal. *Reversed.*

*W. A. Thompson,* for appellants.
*Lindsey & Davis,* for appellee.

EWBANK, J.—This is an appeal from an order appointing a receiver, without notice, to collect the rents from certain real estate in the city of Muncie to which appellant Bookout holds title by conveyance from appellant Helen Kubasiak and appellant Frank Kubasiak, her husband, the last named of whom was alleged to be indebted to appellee in the sum of $780, with interest and attorney fees, upon a promissory note executed by him, appellee being the plaintiff and the three appellants the defendants in the court below. Appellant Bookout

gave a bond in the amount required of the receiver and perfected an appeal within less than ten days, (§1302 Burns 1926, §1231 R. S. 1881), naming the other de- fendants as coappellants.

The first paragraph of the complaint alleged the exe- cution, by Frank Kubasiak, of a promissory note for $780, with interest and attorney fees, payable to ap- pellee, the plaintiff below, and that it was due and unpaid; that, at the time it was executed, Frank Kubasiak was the owner in fee simple of the real es- tate in question, of the value of $15,000, and of certain personal property situated thereon of the value of $1,000; that he conveyed the real estate to his wife, Helen Kubasiak, the same day, with the intent to cheat, hinder and delay his creditors, and to avoid paying said note, and that his wife accepted the conveyance with full knowledge of his said purpose, and that there was no consideration for such conveyance; that thereafter, Helen Kubasiak, for the purpose and with the intent to cheat, hinder and delay the creditors of herself and her husband, and to avoid payment of said note, conveyed the real estate to Bookout, and that he received and accepted the conveyance with full knowledge of their fraudulent purpose; and that Mrs. Kubasiak has sold or attempted to sell her husband's said personal prop- erty to Bookout with the purpose and intent to cheat, hinder and delay his creditors, and to avoid payment of the note, and that Bookout gave no consideration for the real estate or personal property and knew that there was due and owing plaintiff on the above described note the sum of $780, which was due and unpaid. Also that Frank Kubasiak had not then, and has not now, suffi- cient other property subject to execution to pay his debts. And the second paragraph of complaint alleged substantially the same facts as the first paragraph, and further alleged that the defendants, Frank Kubasiak

and Helen Kubasiak, are residents of the State of Michigan, and have no other property in the State of Indiana; that at the time the note referred to was given by Frank Kubasiak to the plaintiff, he also signed and acknowledged before a notary public and witnesses a written agreement that, in consideration of services rendered by plaintiff, he thereby assigned and transferred to the plaintiff one-half of the net rental money of the real estate in question, describing it, and agreed that the tenant or person who collected the rents should pay plaintiff "the one-half of the net rental money until the said note of $780 shall be paid in full, said payments each month to be credited on the said note until it is fully satisfied"; that said contract was duly recorded in the miscellaneous record of the county where the real estate was situated; "and that the said defendant Bookout will not pay any of the rents and profits to this plaintiff, and that unless a receiver be appointed for said property immediately, the personal property will likely be moved and the rents and profits be squandered and dissipated and this plaintiff will thereby lose his security for the payment of the above described note."

The record shows that notice to the defendants Frank and Helen Kubasiak was given only by publication, and that the summons was not served on defendant Bookout until three days after the receiver had been appointed without notice to any defendant, and from the briefs of both parties it appears without controversy that the only evidence presented in support of the application for a receiver was the verified complaint; appellee stating in his brief that "the complete evidence in this case is the verified complaint, and upon this complaint the appellee stands." And after having given an analysis of what was alleged in the complaint, add-

ing that "the only question, then, is whether or not there was sufficient evidence given for the appointment of a receiver without notice," the entire argument on that subject in the brief for appellee consists of an attempt to show that the facts stated in the complaint, being proved, justified such appointment.

If it be assumed for the purposes of the argument, without deciding anything as to that question, that although plaintiff did not sue out a writ of attachment, still the facts alleged showed him to have a lien on the rents from the real estate for the payment of his note, there is an entire lack of any allegation of facts tending to show that an emergency existed making it necessary to appoint a receiver without giving notice to the defendant Bookout (appellant), to whom the real estate had been sold and who had possession of it. It does not appear that he was a nonresident, or could not be found, or that there was likelihood of the destruction of the property, or of any waste or loss that threatened to occur within the time required for the service of notice. Obviously, the real estate could not be carried away, out of the jurisdiction, and nothing is alleged as to a purpose or intent on the part of the defendants to transfer the title. Neither is anything shown to the effect that the alleged interest of plaintiff could not be fully and completely protected by a temporary restraining order to operate until notice could be given and the application for a receiver determined on its merits. "A receiver can only be appointed without notice 'upon sufficient cause shown by affidavit.' §1301 Burns 1926, §1288 Burns 1914, §1230 R. S. 1881. Which means that facts showing sufficient cause to exist must be stated in the affidavit or affidavits. * * * Property of which a party has possession as owner or joint owner should not be taken from her by the appointment of a receiver without notice,

where a temporary restraining order forbidding its sale or removal would be ample for the protection of all interests until notice could be given and the application for a receiver heard and determined on its merits.  *  *  *  The cause for appointing a receiver without notice, to be sufficient, must be evidenced by the existence of facts from which an emergency arises rendering interference before there is time to give notice necessary in order to prevent waste, destruction or loss, and showing that protection cannot be afforded to plaintiff in any other way." *Tucker* v. *Tucker* (1924), 194 Ind. 108, 111, 142 N. E. 11, 13.   The trial court erred in appointing a receiver without notice merely upon proof of the facts stated in the verified complaint.

The judgment is reversed.