FIRESTONE COAL MINING COMPANY *v.* ROETZEL ET AL.

[No. 25,378.   Filed January 7, 1930.]

*Philip Lutz, Jr.,* for appellant.

*U. W. Youngblood* and *L. A. Folsom,* for appellees.

MYERS, J.—This is an appeal from an interlocutory order of the Warrick Circuit Court appointing a receiver without notice for the Firestone Coal Mining Company. The suit was filed by Henry A. and Henry G. Roetzel against the Firestone Coal Mining Company, Boonville Mining Company and Comet Coal Mining Company,

by which the plaintiffs sought a money judgment against the Firestone company alone, the foreclosure of an alleged lien for rent and royalties, and for damages for breach of a lease contract and the appointment of a receiver.

The complaint in this case, unverified, was based upon a written 10-year-term lease executed January 10, 1925, by the Roetzels to the Firestone Coal Mining Company. The only allegations in the complaint pertaining to the Boonville Mining Company and Comet Coal Mining Company, at this time necessary to mention, were that each of these companies had purchased from the Firestone company a number of roller bearing mine cars of the aggregate value of $4,500, covered by a lien stipulation in the lease.

At the time of filing the complaint, one of the plaintiffs filed therewith his affidavit in which he stated that "said cause of action is for money judgment and for foreclosure of a lien on personal property securing the same, said personal property consisting of coal mining buildings, machinery, equipment and tools and supplies and other material used in and about a coal mine; that summons for defendants has been duly issued and delivered to the sheriff of Warrick County, Ind., and that the defendant, Firestone Coal Mining Company, is now rapidly proceeding to wreck said mine and is selling and removing from the premises all of the property on which these plaintiffs hold said lien, and that said defendant has no assets other than said property on which these plaintiffs have said lien out of which their said claim in said cause of action can be collected, and that an emergency exists for an immediate appointment of a receiver without notice to take charge of all of said property and hold the same subject to the order of this court until the final determination of this cause, and that, if the plaintiffs be required to give notice of application for said receiver

before the same could be heard, the said defendant will have sold and disposed of practically all of the balance of said property covered by said lien."

Since the complaint was not verified and the receiver was appointed on the showing made by the foregoing affidavit alone, the sole question on this appeal is whether or not the trial court was justified in appointing a receiver for the Firestone company without notice. *Marshall* v. *Matson* (1908), 171 Ind. 238, 245, 86 N. E. 339.

Appellees call our attention to clauses 3, 4 and 7 of §1300 Burns 1926, as the statutory grounds upon which they relied for the appointment of a receiver. It will be noticed that the foregoing clauses, separately or collectively, make no provision for the appointment of a receiver without notice. Section 1301 Burns 1926 and §1300 *supra*, when read together, mean that although there may be grounds for the appointment of a receiver, yet no such appointment shall be made unless the adverse party appears or has had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit.

Keeping in mind the above statutory provisions and the settled practice of the courts of this state not to appoint a receiver upon an *ex parte* application other than in exceptional cases, an appointment, as here, will be sustained only when it is made to appear that the applicant not only has just cause to have such appointment made, but by specific facts incorporated in an affidavit showing an emergency for such appointment as the only remedy to prevent waste, destruction or loss, or of an immediate necessity for the taking possession of the property, which apparently could not be done if time for notice was given. *Marshall* v. *Matson, supra; Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Henderson* v. *Reynolds* (1907), 168 Ind.

522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Bookout* v. *Foreman* (1926), 198 Ind. 543, 154 N. E. 387; *Hizer* v. *Hizer* (1929), *ante* 406, 169 N. E. 47. It does not appear that any of the property mentioned in the affidavit should be classified as perishable. While it is shown that all and the only assets belonging to the Firestone company, and on which the plaintiffs have an alleged lien for the satisfaction of a judgment later to be obtained, are being wrecked, sold and disposed of, yet there are no facts from which it may be said that the alleged acts of the Firestone company with reference to the property in question would not be stopped by a temporary restraining order. §1224 *et seq.* Burns 1926. For aught appearing, all of the defendants are within the jurisdiction and subject to the processes of the Warrick Circuit Court.

Applying the principles announced in the cases we have cited, and the precedents upon which they rest, to the facts at bar, not conclusions, we hold they failed to show that a temporary restraining order forbidding the sale or removal or further interference with the property mentioned in the affidavit would not afford ample protection of "all interests until notice could be given and the application for a receiver heard and determined on its merits." *Tucker* v. *Tucker*, *supra.* We, therefore, conclude that the facts before the trial court were insufficient to warrant the appointment of a receiver without notice.

Judgment reversed, with instructions to set aside the order appointing a receiver.