JOHANN & SONS COMPANY, INC. *v.* BERGES.

[No. 29,650. Filed May 16, 1958.]

266

*James D. Lopp* and *William L. Craig,* both of Evansville, for appellant.

*Jerome L. Salm* and *Warren, Merrell & Combs,* both of Evansville, for appellee.

BOBBITT, J.—This is an appeal from an order appointing a receiver without notice.

The statute authorizing the appointment of a receiver in Indiana provides, *inter alia,* as follows:

> "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." Acts 1881 (Spec. Sess.), ch. 38, §253, p. 240, being §3-2602, Burns' 1946 Replacement.
> "This section of the Code is declaratory of the equitable practice 'to require the moving party to give due notice of the application to defendant, over whose effects he seeks the appointment of a receiver, in order that he may have an opportunity of being heard in defense, and that his property may not be summarily wrested from him upon an *ex parte* application.' High, Receivers (4th Ed.) §111, p. 128." *Second R. E. Inv., Inc.* v. *Johann, Jr. Adm. dbn, et al.* (1953), 232 Ind. 24, 28, 111 N. E. 2d 467.
> ". . . the appointment of a receiver ex parte and without notice to take over one's property or property which is prima facie his is one of the most drastic actions known to law or equity; . . . it should be exercised with extreme caution, and only where great emergency or imperative necessity requires it." 45 Am. Jur., Receivers, §90, p. 81.

The statute does not define "sufficient cause," hence we must look to decisions of this court for the elements necessary to constitute sufficient cause for the appointment of a receiver without notice.

The following have been established in Indiana as conditions precedent to the appointment of a receiver without notice:

1. The complaint must affirmatively show (a) a probability that plaintiff will be entitled to judgment;[1] (b) that there not only is cause for the appointment of a receiver, but that there is sufficient cause for such appointment without notice;[2] and (c) that plaintiff's rights cannot be protected by a restraining order or other adequate remedy, and if this is shown, then it must be further shown that the emergency necessitating the appointment could not have been anticipated in time to give notice[3] or that waste or loss is threatened and delay until notice can be given will defeat the object of the suit.[4]

2. The only evidence which is proper under §3-2602, *supra,* to be considered by the trial court must be in the form of affidavits, which may include or consist of the verified complaint.[5]

3. The facts justifying the relief sought must be shown by the affidavits or verified complaint, and mere conclusions of a plaintiff will not suffice.[6]

1. *Meyering* v. *Petroleum Holdings, Inc.* (1949), 227 Ind. 313, 324, 86 N. E. 2d 78.

2. *Hampton* v. *Massey* (1939), 215 Ind. 247, 248, 19 N. E. 2d 464.

3. *Fagan* v. *Clark* (1958), 238 Ind. 22, 148 N. E. 2d 407, 409; *Second R. E. Inv., Inc.* v. *Johann, Jr., Adm., dbn et al.* (1953), 232 Ind. 24, 31, 111 N. E. 2d 467; *Firestone Coal Mining Co.* v. *Roetzel* (1930), 201 Ind. 430, 169 N. E. 465; *Morris* v. *Nixon* (1945), 223 Ind. 530, 534, 62 N. E. 2d 772.

4. *Ryder* v. *Shea* (1915), 183 Ind. 15, 19, 108 N. E. 104.

5. *Second R. E. Inv., Inc.* v. *Johann, Jr., Adm., dbn et al.* (1953), 232 Ind. 24, 29, 111 N. E. 2d 467; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 414, 169 N. E. 47.

6. *Hampton* v. *Massey* (1939), 215 Ind. 247, 248, 19 N. E. 2d 464; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 415, 169 N. E. 47.

The complaint alleges that plaintiff is the owner of 49 shares of stock in defendant corporation, which is engaged in the business of funeral directing; that one Herbert G. Hatt has acquired control of a majority of the common capital stock of such corporation and has had himself elected director and president thereof at a salary of $20,800 per year; that said Hatt has no qualifications for funeral directing and is not licensed to conduct such business; that he "has dealt illegally and fraudulently . . . with the assets [of the corporation] . . . to his own personal gain and advantage, and to the detriment of the corporation and to . . . plaintiff as a minority stockholder . . . ;" that plaintiff has obtained knowledge of said alleged irregularities by examining the corporate books and records in preparation of the annual meeting held on March 4, 1958; that at such annual meeting the said Hatt elected himself and his appointees as directors, and the following day he was re-elected president.

The complaint charges specific acts of irregularities with corporate funds as follows: (1) that Hatt caused certain stock owned by the corporation to be pledged to secure a loan of $13,980, and that $18,000 was thereupon loaned by the corporation to Hatt, which money was used to redeem stock of the corporation from the National City Bank of Evansville, and that $6,000 of such loan is due and outstanding; and (2) that Hatt caused the corporation "fraudulently and illegally" to purchase from him a certain Chris Craft boat for $6,500, and alleging that the price was in excess of the boat's value, and that it serves no business purpose of the corporation.

The complaint further alleges that accounts payable by the corporation increased between December 31,

1956 and December 31, 1957, from $7,298.11 to $15,-094.62, whereas the cash account decreased during the same period from $4,186.74 to $2,674.81; and that the corporation is "in imminent danger of insolvency."

In our opinion, with the exception that it is verified, the complaint herein as above summarized meets none of the requirements necessary and essential to the appointment of a receiver without notice.[7]

Since the verified complaint fails to show any sufficient cause therefor, the order appointing a receiver is reversed with instructions to the trial court to vacate the appointment.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 150 N. E. 2d 568.

---

7. For cases in which the appointment of a receiver without notice was set aside, see cases cited in Notes 2 to 6, inclusive; and also: *Rotan* v. *Cummins* (1957), 236 Ind. 394, 140 N. E. 2d 505; *Johann, Sr.* v. *Johann, Jr. et al.* (1953), 232 Ind. 40, 111 N. E. 2d 473; *Industrial Machinery Co., Inc.* v. *Roberts* (1947), 225 Ind. 1, 72 N. E. 2d 223; *Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *Hoosier Nat'l Life Ins. Co.* v. *Gary Electric Co.* (1938), 214 Ind. 597, 17 N. E. 2d 85; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205; *Tormohlen* v. *Tormohlen* (1936), 210 Ind. 328, 1 N. E. 2d 596; *Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905; *Bookout* v. *Foreman* (1926), 198 Ind. 543, 154 N. E. 887; *Jordan* v. *Walker* (1926), 197 Ind. 365, 151 N. E. 2; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Orin Jessup Land Co.* v. *Lannes* (1923), 193 Ind. 645, 141 N. E. 454; *Kent, etc. Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659; *General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 113 N. E. 4; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960; *Continental Clay, etc. Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210; *The Sullivan Electric Light and Power Co. et al.* v. *Blue* (1895), 142 Ind. 407, 41 N. E. 805; *The Wabash Railroad Company* v. *Dykeman et al.* (1892), 133 Ind. 56, 32 N. E. 823; *The Chicago and Southeastern Railway Company et al.* v. *Cason et al.* (1892), 133 Ind. 49, 32 N. E. 827.