STATE EX REL. RED DRAGON DINER, INC. *v.* SUPERIOR
COURT OF MARION COUNTY, ETC. ET AL.

[No. 29,750. Filed May 1, 1959.]

*John D. Raikos,* of Indianapolis, for relator.

*Joseph F. Quill* and *John G. McNutt,* both of Indianapolis, for respondents.

*Merle H. Miller, Donald F. Elliott, Jr., Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis and *William R. Hunter,* of Winchester, *Amicus Curiae.*

*Buschmann, Krieg, DeVault & Alexander,* of Indianapolis, for General Grain, Inc., *Amicus Curiae.*

ACHOR, J.—In this case the court appointed a receiver without notice, and relator has asked for a writ prohibiting respondents from taking any further action in said proceeding. A temporary writ has issued. Relator asserts among other things that the respondent court was without jurisdiction to appoint a receiver without notice for the reason that the complaint did not state facts which authorized the court to exercise this very extraordinary remedy.

Notice, giving a defendant opportunity to be informed regarding the nature of the action and reasonable opportunity to make a defense, is an essential element of due process.[1] Our statutes[2] which specifically limit the authority of the

1. Art. 1, §12 Constitution of Indiana; Amend. 14, §1 Constitution of the United States. *Nottebaum* v. *Leckie* (1929), 31 F. 2d 556; *Noxon Chemical Products Co., Inc.* v. *Keckie* (1930),

court to appoint receivers without notice is in implementation of the above constitutional guarantee. Therefore, although courts have general statutory[3] and inherent[4] authority to appoint receivers with notice, they now clearly have no authority to appoint receivers without notice, "except upon sufficient cause shown by affidavit," as now provided by statute.[5]

This court has heretofore spelled out in specific terms the *facts* which must be stated and supported by affidavit in order to justify the appointment of a receiver without notice. And since the court looks only to the facts stated in the verified complaint in determining the necessity of dispensing with the giving of notice, the complaint must not only allege facts which support the plaintiff's right to the appointment of a receiver after notice, it must also state specific facts which establish the following ultimate facts: (1) That an emergency exists which renders interference necessary before there is time to give notice in order to prevent waste, destruction or loss. *Johann & Sons Company* v. *Berges* (1958), 238 Ind. 265, 150 N. E. 2d 568; *Fagan* v. *Clark* (1958), 238 Ind. 22, 148 N. E. 2d 407; *Tormohlen* v. *Tormohlen*

39 F. 2d 318; certiorari denied 282 U. S. 841, 51 S. Ct. 22, 75 L. Ed. 747; *Town of Walkerton* v. *N. Y. C. & St. L. R. R. Co.* (1939), 215 Ind. 206, 214, 18 N. E. 2d 799, certiorari denied 308 U. S. 556, 60 S. Ct. 75, 84 L. Ed. 467, 5 I. L. E., Constitutional Law, §216, p. 524.

2. "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." §3-2602, Burns' 1946 Repl. [Acts 1881 (Spec. Sess.), ch. 38, §253, p. 240.]

3. §3-2601, Burns' 1946 Repl.

4. *West* v. *Reeves* (1934), 207 Ind. 404, 190 N. E. 431; *The Goshen Woolen Mills et al.* v. *The City Nat'l Bank of Goshen* (1898), 150 Ind. 279, 49 N. E. 154; *McElwaine* v. *Hosey* (1893), 135 Ind. 481, 35 N. E. 272.

5. §3-2602, Burns' 1946 Repl.

(1936), 210 Ind. 328, 1 N. E. 2d 596; *Bookout* v. *Foreman* (1926), 198 Ind. 543, 154 N. E. 387. (2) That protection cannot be afforded in any other way, as by temporary restraining order. *Morris et al.* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. 2d 772; *Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205; *Tormohlen* v, *Tormohlen, supra*. (3) That plaintiff could not reasonably have anticipated the injury in time to give notice. *Johann & Sons Company* v. *Berges, supra; Fagan* v. *Clark, supra*.

Section 3-2602, Burns' 1946 Replacement, clearly and positively states that a receiver without notice ". . . shall *not* be appointed, . . . except upon sufficient cause shown by affidavit." In the case before us the complaint merely alleged "That the defendant is insolvent and owes a large amount of indebtedness and claims which it is unable to pay." The allegation is not a statement of facts sufficient to authorize the court to appoint a receiver without notice or, in the face of the above statutory prohibition, to exercise any discretion regarding such an appointment.

Therefore the writ of prohibition heretofore issued is made permanent.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 164.