INTER-CITY CONTRACTORS SERVICE, INC. *v.* JOLLEY.

[No. 671S153. Filed January 11, 1972.]

*Julian B. Allen,* of Gary, for appellant.

*F. Laurence Anderson, Jr.,* of Gary, for appellee.

GIVAN, J.—The complaint filed by appellee seeks damages as a result of an alleged breach of a merger agreement. Upon the request of the appellee the court appointed a receiver without notice. Appellant filed a motion to vacate the order appointing a receiver without notice, which motion was denied by the court. Appellant is here appealing the trial court's ruling.

The complaint filed by the appellee alleged that the appellant and the appellee entered into a merger agreement providing that the appellant was to pay the appellee $12,500 on certain contracts assigned to appellee and further to pay appellee $5,980 for equipment which appellee transferred to appellant. Appellant paid the former sum but failed to pay the latter.

It is further alleged the appellant became indebted to the appellee for services rendered in the amount of $2,384.78, which amount remains unpaid.

Appellee further alleges that he is entitled to one-eighth ownership in an equity of $162,758.16 in the appellant corporation.

On December 31, 1970, appellee submitted his resignation to the board of directors of the appellant corporation and made demand for the sums to which he claims to be entitled.

The prayer of plaintiff's complaint asks for a money judgment and for the appointment of a receiver without notice. The trial court granted the appointment of a receiver without notice and denied appellant's motion to vacate such order.

Appellant contends that there was no showing under the requirements of Burns Ind. Stat., 1968 Repl., § 3-2601 which would justify the appointment of a receiver without notice. In *Johann & Sons Co., Inc. v. Berges* (1958), 238 Ind. 265, 150 N. E. 2d 568, at page 268, this Court stated what must be shown by a complaint in order to justify the appointment of a receiver without notice:

"1. The complaint must affirmatively show (a) a probability that plaintiff will be entitled to judgment; (b) that there not only is cause for the appointment of a receiver, but that there is sufficient cause for such appointment without notice; and (c) that plaintiff's rights cannot be protected by a restraining order or other adequate remedy, and if this is shown, then it must be further shown that the emergency necessitating the appointment could not have been anticipated in time to give notice or that waste or loss is threatened and delay until notice can be given will defeat the object of the suit.

"2. The only evidence which is proper under § 3-2602, *supra*, to be considered by the trial court must be in the form of affidavits, which may include or consist of the verified complaint.

"3. The facts justifying the relief sought must be shown by the affidavits or verified complaint, and mere conclusions of a plaintiff will not suffice."

In *State ex rel. Red Dragon Diner* v. *Superior Court of Marion County, etc., et al.* (1959), 239 Ind. 384, 158 N. E. 2d 164, this Court stated beginning at page 386:

"This court has heretofore spelled out in specific terms the *facts* which must be stated and supported by affidavit in order to justify the appointment of a receiver without notice. And since the court looks only to the facts stated in the

verified complaint in determining the necessity of dispensing with the giving of notice, the complaint must not only allege facts which support the plaintiff's right to the appointment of a receiver after notice, it must also state specific facts which establish the following ultimate facts: (1) That an emergency exists which renders interference necessary before there is time to give notice in order to prevent waste, destruction or loss. *Johann & Sons Company v. Berges* (1958), 238 Ind. 265, 150 N. E. 2d 568; *Fagan* v. *Clark* (1958), 238 Ind. 22, 148 N. E. 2d 407, *Tormohlen* v. *Tormohlen* (1936), 210 Ind. 328, 1 N. E. 2d 596; *Bookout* v. *Foreman* (1926), 198 Ind. 543, 154 N. E. 387. (2) That protection cannot be afforded in any other way, as by temporary restraining order. *Morris et al.* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. 2d 772; *Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205; *Tormohlen* v. *Tormohlen, supra.* (3) That plaintiff could not reasonably have anticipated the injury in time to give notice. *Johann & Sons Company* v. *Berges, supra; Fagan* v. *Clark, supra.*

The allegations in his complaint which appellee must rely upon for the justification of the appointment of a receiver without notice are: That the appellant is indebted to others and the appellee does not know the amount of this indebtedness; that the appellant does not have the funds to pay this indebtedness and is either insolvent or in danger of insolvency; that unless a receiver is appointed the appellee will be irreparably damaged as the appellant's assets will diminish and debts increase and all creditors will be unable to collect debts; that if a receiver is not appointed the physical assets will be lost, wasted and/or misappropriated; that if a receiver is not appointed other creditors will obtain unfair advantage; that the appellee does not have an adequate remedy at law; and that an emergency exists. We observe these allegations to be merely ultimate conclusions drawn on the part of the appellee. These conclusions are not supported by specific statements of facts sufficient to authorize the appointment of a receiver without notice under the authority of the above cited cases. The complaint of the appellee does nothing more than

allege conclusions which may or may not be supported by evidentiary facts. We, therefore, hold the trial court erred in appointing a receiver without notice upon the facts alleged in appellee's complaint.

The trial court is, therefore, reversed; the cause is remanded with instructions to vacate the order appointing the receiver without notice and for further proceedings in this cause not inconsistent with this opinion.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 158.