PERRY R. MEEK, d/b/a PERRY R. MEEK COMPANY, INC.
*v.* CHARLES L. STEELE

[No. 2-277A59. Filed October 25, 1977.]

*Danny E. Glass, Thomas R. Fitzsimmons, Jeffrey R. Frank, Fine, Hatfield, Sparrenberger & Fine,* of Evansville, for appellant.

*James P. Quinn, Buck, Berry, Landau, Breunig & Quinn,* of Indianapolis, for appellee.

SULLIVAN, P.J.—Perry R. Meek (Meek) appeals an order by the trial court appointing, without notice, a receiver over the assets of Meek's business. The order in question was premised upon Charles L. Steele's (Steele) complaint alleging that, as the exclusive agent of Meek, he was entitled to commissions for coal sold to the State of Indiana which Meek refused to pay. We have granted a Petition to Advance on the Docket because Meek is appealing an interlocutory order pursuant to Ind. Rules of Procedure, Appellate Rule 4(B)(3).

The applicable statute authorizing the appointment of a receiver without notice is IC 34-1-12-9 (Burns Code Ed. 1973), which states:

> "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit."

Steele's Verified Petition for the Appointment of a Receiver Without Notice was not accompanied by a separate affidavit. The part of the Petition pertinent for our consideration reads:

> "2. That he entered an agreement with the Defendants on April 28, 1976, for the purpose of securing as an agent, certain contracts for the sale of coal, which contract is attached hereto, as Exhibit 'A', and incorporated by reference.
>
> 3. That said Plaintiff has secured as agent, for said Defendant a contract with the State of Indiana, under Quantity Purchase Award No. 5652-B7-1 under date of May 17, 1976, which QPA is attached hereto and incorporated by reference, and designated as Exhibit 'B'.
>
> 4. That said Defendant, as of this date, has sold approximately six thousand tons (6,000) of coal under said QPA Exhibit 'B' above referred to, and that there is approximately

*$32,940.00* amount owing to the Plaintiff under the agency agreement, and that said Defendant has only paid the Plaintiff approximately Two Thousand Three Hundred and Sixty-Four Dollars ($2,364.00), to date.

5. That the Plaintiff personally knows that there are insufficient funds available to pay his claim, as well as claims of other creditors, similarly situated.

6. That said Plaintiff feels that he will not be paid the amount owed currently, plus the balance of his agent's commission upon the sale of further coal under said QPA listed above as Exhibit 'B', and he feels there is a pressing emergency in that waste, loss or destruction of the assets of the Defendant will occur, unless a receiver is named immediately without notice of, or opportunity to a hearing, prior to the appointment of a receiver, to-wit: Plaintiff has reason to believe and does believe that Defendant is and will continue to misapply cash assets of said corporation, all to the detriment of the creditors, unless a receiver is appointed immediately. For the reasons set forth above, it is essential that a receiver be appointed immediately without notice to conserve the assets of the Defendant corporation, and to preserve the rents and profits and property for the benefit of the Plaintiff.

7. All representations are true according to the best knowledge and believe [sic] of the affiant."

Meek contends that the allegations in the petition fail to satisfy the requirements for appointing a receiver without notice. We agree.

The requirements were set forth in *Albert Johann and Sons Co. Inc. v. Berges* (1958), 238 Ind. 265, 268, 150 N.E.2d 568, 569. To appoint a receiver without notice, the court must: (1) determine that the plaintiff will probably prevail in the pending action; (2) determine that there is sufficient cause to dispense with notice; and (3) determine that other remedies are inadequate and that the emergency necessitating the appointment could not have been anticipated in time to give notice or that the delay would result in waste or damage to property.

While the above determinations rest within the discretion of the trial court, the decision must be based on specific and objective

facts appearing in the affidavit or verified petition. The requirement of specific and objective facts cannot be met by mere allegations, statements of belief or conclusions of the plaintiff. *Inter-City Contractors Service, Inc. v. Jolley* (1972), 257 Ind. 593, 277 N.E.2d 158.

In *Environmental Control Systems, Inc. v. Allison* (1974), 161 Ind. App. 148, 314 N.E.2d 820, the Petition for Appointment was strikingly similar to the one in the case at bar. We there held that the petition failed to supply any specific objective facts upon which the decision to appoint a receiver without notice could be based.

In the case at bar, Steele has done no more than allege that he "feels" that he will not be paid, that he "feels" there is a pressing emergency, that he "knows" there are insufficient funds, and that he has "reason to believe" that Meek would misapply the cash assets. Nowhere in the petition are there facts which would support the trial court's conclusion that no alternative legal remedy existed or that it was imperative to dispense with the requirement of notice.

In *Indianapolis Machine Co. v. Curd, et al.* (1966), 247 Ind. 657, 665, 221 N.E.2d 340, 345, it was stated:

> "Receivers may not be appointed *without notice* merely because a party 'believes' that there is danger of loss of assets or merely because parties holding the assets 'could' dissipate them or conceal them. The mere possibility or potentially of doing injury or violating the law cannot be made the basis alone for equitable interference by a court. If such were the law, every person and every business would be subject to being taken over by a court, and even a court and a judge has such possibility and 'could' violate the law."

In view of the total absence of any specific and objective facts supporting the allegations within the petition, we find that the trial court erred in appointing the receiver without notice.

The interlocutory order is reversed and the cause is remanded, and the trial court is directed to vacate and set aside its order appointing a receiver without notice.

Garrard, J., (participating by designation) and

White, J. concur.

NOTE—Reported at 368 N.E.2d 257.