GENERAL MOTORS OIL COMPANY *v.* MATHENY.

[No. 22,772. Filed June 22, 1916.]

1. APPEAL. — *Dismissal.* — *Sufficiency of Bond.* — *Statute.* — Under §1289 Burns 1914, §1231 R. S. 1881, providing for appeals in actions where a receiver may be appointed, an appeal from an order appointing a receiver will not be dismissed because the trial court required an appeal bond in an amount smaller than that required of the receiver, since the amount of the bond, the defendant not having demanded the return of the property involved pending the litigation, was within the discretion of the court, the statute requiring that the appeal bond shall be the same in amount as that of the receiver only where his authority is suspended pending appeal. p. 117.

2. RECEIVERS.—*Appointment without Notice.*—*Hearing.*—*Evidence.* —On the hearing of an application for the appointment of a receiver without notice, the only evidence admissible is the verified complaint and affidavits filed therewith. p. 118.

3. RECEIVERS.—*Appointment without Notice.*—*Hearing.*—*Evidence.* —Under §1288 Burns 1914, §1230 R. S. 1881, prohibiting the ap-

pointment of a receiver until the adverse party shall have appeared, or shall have reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit, the showing made by a verified petition, setting forth a mere opinion that an emergency existed requiring the appointment without notice without giving the pertinent facts and circumstances showing the necessity for such action, was insufficient to warrant the trial court in appointing a receiver without notice. p. 119.

From Vigo Superior Court; *Fred W. Beal*, Judge.

Action by James G. Matheny against the General Motors Oil Company for the appointment of a receiver. From an order appointing a receiver, the defendant appeals. *Reversed.*

*Davis, Bogart & Royse*, for appellant.
*Duvall & Whitaker*, for appellee.

SPENCER, J.—Appellee, as a stockholder in appellant company, instituted this action to procure the appointment of a receiver therefor. His complaint charges, in substance, that appellant is a corporation engaged in buying and selling petroleum and all of its products; that it is indebted to divers persons in the total sum of $3,000 and is without sufficient property with which to meet such indebtedness; and that for the best interests of appellant and all of its creditors, stockholders and officers, a receiver should be appointed to take charge of its business, to reduce its assets to money and to make a just distribution of the same among the creditors. The complaint further avers "that an emergency exists for the immediate appointment of a receiver without notice; that the giving of notice would cause irreparable injury to plaintiff before notice could be given and a hearing had thereon," and concludes with a prayer for the appointment of such receiver. The complaint is verified by a general affidavit on the part of ap-

pellee "that he is the plaintiff in the above entitled cause, and that the facts stated in said complaint are true in substance and in fact." On this showing the trial court appointed a receiver without notice to appellant, and from the interlocutory order making such appointment this appeal is prosecuted.

Appellee has filed a motion to dismiss the appeal on the ground that the same has not been perfected in full compliance with §1289 Burns 1914, §1231 R. S. 1881, which provides that: "In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the supreme court, without awaiting the final determination of such case; and in case where a receiver shall be or has been appointed, upon the appellant filing an appeal bond with sufficient surety, in such sum as may have been required of such receiver, conditioned for the due prosecution of such appeal, and the payment of all costs or damages that may accrue to any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal."

The record in this case shows that in appointing the receiver to take charge of appellant's business the trial court ordered, "that before entering upon the duties of his trust, the said receiver shall execute his bond to John F. Joyce, the clerk of this court, in the sum of $1,900.00 with at least two (2) freehold sureties to be approved by this court, conditioned for the faithful discharge of his duties as such receiver." Four days after the appointment of the receiver, appellant entered its objections to such appointment and appealed from the the adverse ruling of the trial court. The amount of

the appeal bond was fixed by the court at $1,200 and a bond in that sum was duly executed and approved; but it is appellee's contention that, as the receiver's bond was fixed at $1,900, the appeal bond, under the statute, should have been in the same amount in order properly to perfect the appeal.

Conceding that statutory requirements for the perfecting of an appeal in a special proceeding must be strictly followed, we cannot agree

1. that there has been any violation of that rule in this case. Section 1289, *supra*, is §254 of the act of 1881 concerning procedure in civil cases (Acts 1881 p. 240), and is to be construed as *in pari materia* with sections 632, 655 and 656 of the same act (§§638, 646, 647 R. S. 1881), which, in effect, authorize a trial court, in the absence of special provision to the contrary, to fix the amount of the bond in appeals from interlocutory orders. Section 1289, so construed, permits an appeal "in all cases * * * where a receiver shall be or has been appointed," but requires the filing of a bond "in such sum as may have been required of such receiver" only where it is desired to suspend the authority of that officer. It is clearly one purpose of the statute to provide a method whereby an appeal may be prosecuted from an order appointing a receiver under circumstances which will permit the defendant to retain possession of his property and at the same time protect the plaintiff as fully as he would have been protected by the receivership. One security, in the form of an appeal bond, is substituted for another, the receiver's bond, pending a determination of the legal question presented by the appointment. There can be no doubt that under such circumstances the amount of the appeal bond is to be determined by the amount of the

bond required of the receiver. It is equally evident, however, that the statute will authorize an appeal from such an order in cases where the defendant does not demand a return of his property pending the litigation. The court may then use its discretion in fixing the amount of the bond, and the order may be reviewed without disturbing the possession or control of the receiver. In this case the bond was given as required, and although it did not, in law, operate to suspend the authority of the receiver, the appeal is properly perfected and the motion to dismiss is therefore overruled.

In considering the appeal on it merits an extensive review of the authorities is unnecessary to make clear the error of the trial court in appointing a receiver without notice to appellant. Section 1288 Burns 1914, §1230 R. S. 1881, expressly provides that, "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." On the hearing of an application for the appointment of a receiver without notice, 2. the only evidence admissible is the verified complaint and affidavits filed therewith (*Marshall* v. *Matson* [1908], 171 Ind. 238, 245, 86 N. E. 339), and for that reason "the particular facts and circumstances rendering such summary proceeding necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the established rule requiring notice of the application." High, Receivers (4th ed.) §113. See, also: *Ryder* v. *Shea* (1914), 183 Ind. 15, 19, 108 N. E. 104; *Continental Clay, etc., Co.* v. *Bryson* (1906), 168 Ind. 485,

3. 488, 81 N. E. 210. High, Receivers (4th ed.) §§111, 112. The showing made in the case at bar is clearly insufficient to warrant the appointment of a receiver without notice, and the action of the trial court can not be sustained.

The interlocutory order appointing a receiver without notice is reversed, with instructions to set aside such appointment.

NOTE.—Reported in 113 N. E. 4. See under (1) 2 Cyc 834, 836; (2), (3) 34 Cyc 126, 131. Notice as an essential preliminary to the appointment of a receiver, 72 Am. St. 35; 11 Ann. Cas. 980.