ORIN JESSUP LAND COMPANY *v.* LANNES.

[No. 24,327. Filed November 21, 1923.]

1. RECEIVERS.—*Appointment without Notice.—Corporations.—Statute.*—While insolvency or imminent danger of insolvency is a ground for the appointment of a receiver for a corporation under clause 5, §1279 Burns 1914, yet, under §1288 Burns 1914, such appointment can only be made without notice "upon sufficient cause shown by affidavit." p. 647.

2. RECEIVERS.—*Appointment without Notice.—Restraining Order Sufficient Protection.*—A party should not be dispossessed of his property by the appointment of a receiver in an *ex parte* proceeding except in extreme cases of emergency, and then only when the granting of a temporary restraining order will not furnish ample protection until notice can be given and the matter judicially determined. p. 647.

3. RECEIVERS.—*Appointment without Notice.—Evidence Insufficient.*—Where an application for the appointment of a receiver for a corporation showed that, in addition to large real estate holdings, it had $11,000 in cash, notes and accounts, which were not shown to be in imminent danger of being wasted, misappropriated or removed beyond the jurisdiction of the court, and there was no intimation in the complaint that a temporary restraining order would not have afforded the applicant adequate relief until notice of the application could have been given the defendant, there was no justification for the appointment of a receiver without notice. p. 648.

From Marion Probate Court (1,655); *Mahlon E. Bash,* Judge.

Action by George Lannes against the Orin Jessup Land Company for the appointment of a receiver. From an order appointing a receiver, the defendant appeals. *Reversed.*

*J. F. & N. C. Neal* and *Pickens, Cox, Conder & Bain,* for appellant.

*Ellison & Neff* and *Walker & Hollett,* for appellee.

MYERS, J.—This was a suit by appellee against appellant for the appointment of a receiver without notice to take charge of the assets of appellant. From an order appointing a receiver "until such receivership is made permanent or dissolved", this appeal was prosecuted.

It appears from the complaint that appellant was an Indiana corporation authorized to buy and sell real estate and matters incidental thereto; that appellee was the owner of ten shares, par value $100 each, nonparticipating seven per cent. preferred stock of the corporation's issue of $154,200; that for want of sufficient funds, no dividends had been paid on this stock for two years. The complaint then alleges: "That the defendant is insolvent and in imminent danger of insolvency and that the defendant is now proposing to immediately dispose of certain of its real estate holdings illegally, and in preference of certain creditors to the damage and injury of this plaintiff, in this: That the defendant has proposed, in a general circular, to the preferred stockholders, to transfer to them real estate owned by the company in redemption of such preferred stock to the exclusion of other creditors and to the exclusion of certain of the preferred stockholders, including this plaintiff, who are not willing to accept real estate in exchange for such preferred stock. That

if the defendant is permitted to continue this policy of disposing of its real estate to preferred stockholders all of its assets will be distributed and there will be no assets whatever remaining for the payment of any creditor of the defendant. That the defendant on the first of March issued a statement to its stockholders by which it appears that the total assets liberally determined, are of the value of $217,227.48 and the total liabilities are $313,053.60, showing a deficit and insolvent condition in the net sum of $95,826.12. That such statement was furnished to the stockholders in connection with a communication issued by the defendant to such stockholders of date April 9, 1923, in which its program of disposition of real estate was outlined. * * * That unless a temporary receiver is immediately appointed to take charge of the books and other assets of the defendant it will immediately in furtherance of its proposed program sell and dispose of all its unincumbered assets so that no fund will remain for the payment of plaintiff's claim or others similarly situated. That there is due this plaintiff on account of such preferred stock, together with the accrued interest thereon, the sum of $1,140." Prayer that a receiver be appointed without notice, etc.

This complaint was verified. There was also an affidavit by one Otto McCarthy to the effect that he, as a preferred stockholder, had received "as such stockholder, financial statement and copy of letter referred to in the complaint of George Lannes and that he has read the complaint of George Lannes and the matters and things set forth in said complaint are true." Upon this showing alone, a receiver was appointed.

Obviously, a receiver was sought in this case under clause 5, §1279 Burns 1914, §1222 R. S. 1881, **1, 2.** which provides that a receiver may be appointed: When a corporation has been dissolved,

or is insolvent, or is in imminent. danger of insolvency, or has forfeited its corporate rights." The complaint alleges "that the defendant is insolvent and in imminent danger of insolvency." While insolvency or imminent danger of insolvency are grounds for the appointment of a receiver, yet the court is admonished by §1288 Burns 1914, §1230 R. S. 1881, not to make such appointment in case the adverse party has not appeared, or has not had reasonable notice of the application "except upon sufficient cause shown by affidavit." The clause last quoted is the only authority for the appointment of a receiver without notice. Generally speaking, a party will not be dispossessed of his property in an ex-parte proceeding except in extreme cases of emergency (*Henderson* v. *Reynolds* [1907], 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977), and then only when the granting of a temporary restraining order will not furnish ample protection until notice can be given and the matter judicially determined. *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659; *Henderson* v. *Reynolds, supra,* p. 527.

In the instant case the receiver was appointed upon the showing made by the complaint, to which there was attached a financial statement previously furnished to the stockholders by the corporation, 3. in which it appears that practically all of its assets consisted of real estate holdings. True, there was $3,766.97 in cash, $7,707.19 in notes and accounts, but there is no showing that these items (money, notes and accounts) would be or were in imminent danger of being wasted, misappropriated or removed beyond the jurisdiction of the court. There is not the slightest intimation in the complaint, or facts justifying the conclusion, that a temporary restraining order, which may be had without notice (§1207 Burns 1914, §1150 R.

S. 1881), would not have afforded the complaining party adequate relief until notice of his application for a receiver could have been given his adversary. Furthermore, the above statement listed as a part of the liabilities of the corporation its stock issue of $154,200 (of which appellee owned ten shares) and accrued dividends of $22,700, totaling $176,900, which, when deducted from $313,053.60, its total liabilities, leaves the corporation's liabilities $136,153.60, as against $217,-227.48 admitted assets, and no claim that any creditor of the corporation has brought or has threatened to bring any action for the collection of his claim, whereby the property or assets of the corporation would be wasted in costs or expensive litigation, or dissipated by sales upon execution, before reasonable notice could be given.

Moreover, the letter to which we have referred accompanying the above statement was in the nature of a suggestion that the corporation transfer to the preferred stockholders certain lots and lands in redemption of their stock. There is nothing in the complaint charging the officers of the corporation with any attempt to thereby defraud or overreach any of the stockholders by furnishing them an untrue statement of the financial condition of the corporation, or that the letter in any wise misrepresented the true condition of the corporation's affairs.

We therefore hold that the court erred in appointing the receiver in the instant case.

Judgment reversed, with instructions that in case, after notice and trial, a receiver is not appointed, the costs of this proceeding, both in the court below and in this court, be taxed to appellee, but in case a receiver is appointed, upon a hearing after notice, then the costs of this appeal only be taxed to appellee.