## LITTLE WONDER LIGHT COMPANY *v.* VANSLYKE.

[No. 24,546. Filed October 8, 1926.]

1. RECEIVERS.—A verified complaint asking for the appointment of a receiver is evidence only of the facts alleged, and not of the conclusions stated therein. p. 273.

2. EVIDENCE.—*Hearsay evidence not competent in application for appointment of receiver.*—In an application for the appointment of receiver for a corporation, testimony as to statements made by an employee concerning statements made by a managing director were not competent evidence against the corporation to justify the appointment of a receiver. p. 275.

3. RECEIVERS.—*Evidence held not to warrant appointment of receiver for solvent corporation.*—Dissension among the stockholders as to the control and management of the business of a solvent corporation, together with suspicion by one faction of the stockholders that the other was attempting to obtain

exclusive control of the company to the detriment of the former, would not justify the appointment of a receiver. where the business had been profitably conducted, dividends were paid, a record was kept of all that was done in managing the business, and those in charge of it were financially responsible. p. 276.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Action by Gertrude VanSlyke against the Little Wonder Light Company and others for the appointment of a receiver for the light company. From an order appointing a receiver, the company appeals. *Reversed.*

*George O. Dix* and *Floyd E. Dix,* for appellant.

*Josiah T. Walker* and *Henry W. Moore,* for appellee.

EWBANK, J.—Appellee, who was a stockholder and director of the appellant corporation, brought an action against the corporation and three other stockholders, two of whom were also directors and constituted a majority of the board of directors, while the third was employed by the corporation as a mechanic and foreman of its mechanical department. The only other stockholder was appellee's (plaintiff's) daughter, to whom she had given four shares of her stock. The complaint demanded judgment against the corporation for $1,000, an accounting, and a judgment in favor of the corporation against the individual defendants for any amounts found due from them to it, and asked that a receiver be appointed pending suit. The substance of the complaint was that the capital stock of the appellant corporation consisted of 100 shares of the par value of $100 each: that the defendant, Henry C. Albrecht, and appellee's deceased husband, Charles Van Slyke, had each owned forty-six shares, and appellee and the wife of Albrecht had each owned four shares, and the four stockholders had been the directors of the company; that before the death of her husband, his stock was transferred to appellee and she trans-

ferred four shares to her daughter: that after her husband's death, Henry C. Albrecht, as a director and secretary and treasurer of the corporation, agreed that appellee "should receive the same salary and dividends that she and her husband formerly had received: to wit, $50 per week salary, and dividends to be decided upon at the end of the year: that out of said $50 per week salary, said Gertrude Van Slyke was to employ and pay a mechanic to work in the shops, and, in further consideration therefor, she was to use her own car in handling the mail and doing errands." That appellee employed the other individual defendant, Roy Riley, a competent and experienced mechanic, to work for the corporation in its shop at $30 per week, and he was still so employed, and she was and ever had been able and willing to perform her part of the agreement: but that, a few days later, Henry C. Albrecht told appellee he would not perform that agreement, and it never was performed: that the three individual defendants, Albrecht and his wife and Riley, entered into a conspiracy that one share of Albrecht's stock should be transferred to Riley on the books of the corporation, although neither sold nor given to him, and he should be elected a member of the board of directors of the corporation: that to procure Riley's co-operation, the other directors increased his salary "to $35 per week and again to $50 per week, which last raise from $35 to $50 per week was wholly unnecessary"; that, at the annual meeting of the stockholders, Albrecht and his wife and Riley cast their fifty votes for themselves for directors, and appellee and her daughter cast their fifty votes for themselves and for Mr. and Mrs. Albrecht, and the defendants declared that the only two directors elected were Mr. and Mrs. Albrecht, and that appellee held over as a director until her successor should be elected; that appellee's daughter demanded

recognition as director by reason of having received fifty votes, and because Riley's vote was not legally cast, but was refused; that by reason of said facts, the defendants, Henry C. Albrecht, Mary C. Albrecht and Roy Riley, are in absolute possession and control of the defendant Little Wonder Light Company, and all its property. The complaint also contained many epithets, and allegations that these alleged acts were done with the intent to defraud appellee and her daughter. And, without stating any additional facts as the basis for such conclusions, the complaint also alleged the conclusions that the individual defendants "are so manipulating and managing the affairs of said company as to absorb the proceeds thereof; they are paying Roy Riley an exorbitant and unnecessary salary; they are fraudulently paying Henry C. Albrecht an exorbitant and unnecessary salary; they are fraudulently employing or pretending to employ unnecessary help for which they are pretending to pay out of the proceeds of the company; they are conspiring and intend to defraud this plaintiff out of her interest in the proceeds and profits of said company; they are conspiring and intend to reduce the value of plaintiff's stock in said corporation to nothing; and they are conspiring and intend to convert all the assets and property of said corporation to their own use"; that they "have unlawfully and fraudulently paid out of the funds of said corporation a large sum of money to attorneys defending them in their unlawful and fraudulent designs"; and that, under their management, "great and irreparable injury and damage has been and is being done to her and her property rights, and the same will continue unless prevented by an order and judgment of court." The articles of association and by-laws of the company were filed with the complaint as exhibits.

At the hearing on the application for a receiver, the

complaint was read in evidence, but, of course, it constituted evidence only of the facts therein alleged, and not of the conclusions stated. *Tucker* v. *Tucker* (1924), 194 Ind. 108, 111, 142 N. E. 11, 13; *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 65, 32 N. E. 823. There was also evidence that the corporation had been organized in 1912 to take over the business then being operated by appellee's husband, Charles Van Slyke, of manufacturing, buying and selling lighting apparatus, equipment, supplies and accessories, and to acquire and own patent rights and such property as might be necessary for the company's business: that the capital stock was $10,000, divided into 100 shares of $100 each, and that fifty shares were issued to Charles Van Slyke in exchange for said business, and fifty shares to Henry C. Albrecht in payment for certain other property. That the by-laws provided that a majority of the shares outstanding should constitute a quorum for the transaction of all business at any stockholder's meeting, if present in person or by proxy; that a majority of the board of directors should constitute a quorum; that the directors should determine the compensation to be paid all officers of the company; and that, before payment of dividends, the directors might set aside such sum out of the net profits as in their discretion they might think proper as a reserve fund for purposes conducive to the interests of the company. That at the time of the annual meeting of stockholders, one share of stock stood in the name of Roy Riley on the books of the company; that on July 9, 1923 (five months after the death of appellee's husband, and six months before the receiver was appointed), a dividend of six per cent. was declared and ordered paid immediately, and the directors present (Mr. and Mrs. Albrecht) adopted a resolution that

Riley be paid $50 per week; that appellee, as plaintiff, brought an action of mandamus against "Henry C. Albrecht and Mary C. Albrecht as directors of the Little Wonder Light Company," alleging the same facts alleged in the complaint in the case at bar, and asking that, as such directors, they be required to do certain acts, and that on July 27, 1923, at a director's meeting of which appellee was given a notice in writing, but which she did not attend, Mr. and Mrs. Albrecht, as directors, adopted a resolution authorizing the payment of "a retainer fee of $250" to attorneys employed to defend that suit. It was shown by uncontradicted evidence that in the twelve months, lacking twenty days, immediately preceding the commencement of this action, besides paying a dividend of six per cent. on its capital stock ($600), the company had earned enough to convert a deficit of $2,145.63, which had existed on December 31, 1922, just before the death of appellee's husband, into a surplus of $642.93, and that the annual bill for salaries and wages had been cut from $10,-285.54, paid in 1922, to $8,800 paid in 1923; that appellee's husband, in his lifetime, had been drawing and receiving $3,600 per year as salary and, after his death, Henry C. Albrecht did a part of the work he had been doing, for which no additional salary was paid to him, and Roy Riley did the rest of it for $30 per week at first, then for $35 per week, and then for $50 per week; that Riley had designed and installed in the company's shop certain labor saving devices after he entered its employ; that Riley gave his note to Mr. Albrecht for $150 for the share of stock that was transferred to him on the company's books; that appellee refused to take the letters of the company to the office for $5 per week, and Mr. Albrecht employed another person to do so for that price. The only evidence as to the reasonable value of Riley's services was that they were worth from

$50 to $100 per week, and there was no evidence what-
ever as to the value of the services appellee offered and
attempted to render.   There was no evidence whatever
that the appellant company was insolvent, or was
threatened with insolvency, or that any of its employees*
was being paid more than his services were worth, or
that its business was being mismanaged to the detri-
ment of the corporation, or that anything done by the
officers or directors was being or had been concealed,
the payments complained of being proved by entries in
the minutes of the board of directors: and there was
no evidence that the persons in charge of and engaged
in operating the business of the company were insol-
vent, or were nonresidents, or that for any reason they
could not be made to respond in damages if it should
appear that money belonging to the company had been
paid out improperly.

But, in addition to the verified statements in the com-
plaint to the effect that Mr. Albrecht, acting as an of-
ficer of the company, after having agreed to pay
appellee, following her husband's death, the
same salary that had been paid to him for his
services when living, refused to pay her, appellee testi-
fied to those facts and there was evidence that appellee
had worked at the office of the company a few days,
and then was prevented from continuing to work there
by Mr. Albrecht: that Riley had attempted to buy ap-
pellee's stock at $150 per share, on payments, with
eight per cent. interest on the unpaid balance, but she
had refused to sell: and that there had been a long
drawn out dispute between appellee and her daughter,
owning fifty shares, on one side, and Mr. and Mrs. Al-
brecht and Mr. Riley, owning fifty shares, on the other
side, as to who should be in control of the company,
who should constitute the board of directors, and what
income appellee should receive from the company.   Evi-

dence was also introduced that the defendant Riley had stated, when Albrecht was not present, that Mr. Albrecht "was planning to cheat and rob" appellee, and was making a pretense of giving Riley a share of stock, but that "it was only a pretense for the purpose of robbing, cheating and defrauding" appellee, and of many other things which appellee testified Riley had said about the purposes of Mr. Albrecht, and about what Mr. Albrecht had said and done. But Mr. Riley and Mr. Albrecht testified directly to the contrary. And obviously, the testimony of appellee as to what Mr. Riley said, and especially as to what he said Mr. Albrecht has said, and had intended, did not constitute competent evidence against the corporation, which is the sole appellant in the case at bar. Riley was only the owner of one share of stock and working as a mechanic in the employ of the company, and he was not acting in any business of the corporation when he made any of the statements as testified by appellee. So they must all be disregarded in determining whether or not there is evidence to sustain a judgment against the Little Wonder Light Company depriving it of all its property, and turning it over to a receiver.

The mere fact that Mrs. Van Slyke was not given such employment and paid such a salary by the company as she thought herself entitled to after the death of her husband, or that the company did 3. not pay her the salary which its secretary-treasurer had promised her, or that she and the Albrechts could not agree on who should be elected in her husband's place as the fourth director, or that there was dissension among the stockholders over the management of the business, or that she suspected the directors of a purpose to buy her stock for less than it was worth, affords no ground for appointing a receiver, where the corporation was solvent, the business was

profitably conducted, dividends were paid, a record was kept of all that was done in managing the business, and those in charge of it were financially responsible. *Enterprise, etc., Pub. Co.* v. *Craig* (1924), 195 Ind. 302, 308, 310, 311, 144 N. E. 542, 145 N. E. 309.

The judgment is reversed, with directions to set aside the appointment of the receiver.