INDIANA MERCHANTS' PROTECTIVE ASSOCIATION, INCORPORATED, *v.* LITTLE.

[No. 25,293.   Filed October 15, 1930.]

*Bernard Stroyman,* for appellant.
*Snethen & Summers,* for appellee.

GEMMILL, J.—On September 15, 1926, appellee filed his complaint against appellant, in the superior court of Marion County. Summons was issued by the clerk and served by the sheriff. The return day was October 4, 1926. On September 18, a verified amended complaint was filed. In the amended complaint, it is alleged that the defendant is indebted to the plaintiff in the sum of $341; that the defendant is in imminent danger of insolvency; that officers of the defendant company have told the plaintiff they have no money with which to pay his claim, and that there are many other creditors who claim that money is due them from the defendant; that the president and manager of the defendant also owns and operates a company known as "the State Detective Agency," which has its offices in the same room with the defendant company, and he has paid bills for the State Detective Agency out of funds belonging to the defendant; that the funds of the defendant have been so used that the defendant is in immediate danger of insolvency, and a receiver should be appointed to conserve the assets of the defendant and to carry on the business of the defendant, which can be run at a profit of approximately $300 per month, until all the creditors shall be paid; that the only assets which the defendant has are the monthly payments which it receives from its night patrol and watch service and that considerable money is due the

defendant for that service; and that, unless a receiver is appointed for said property immediately, this income will be spent and wasted and the plaintiff will lose his entire security for the indebtedness of said defendant to him, secured only by this income, and that a receiver should be appointed immediately to receive the income and pay the creditors of the defendant. The prayer was that a receiver of the property and effects of the defendant be appointed, with the usual powers and authority conferred upon receivers in such cases.

On the day the amended complaint was filed, a receiver was appointed to take charge of and hold the property and continue the business of the defendant. The receiver filed his bond in the sum of $1,000, and same was approved. The defendant filed its exceptions to the appointment of a receiver without notice.

On appeal, appellant assigns errors as follows: (1) The court erred in appointing a receiver in said cause; and (2) the court erred in appointing a receiver without notice in said cause.

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." Acts 1881 (Spec. Sess.) p. 240, §253, §1288 Burns 1914, §1301 Burns 1926.

The court heard the oral evidence of the plaintiff and another witness. This evidence was not admissible, and will not be considered on appeal. The plaintiff did not file any supporting affidavit or affidavits, and the only competent evidence herein is the verified complaint. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 113 N. E. 4; *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659.

Facts showing a sufficient cause to exist for the appointment of a receiver without notice must be stated in the verified complaint, or affidavit or affidavits, not mere opinions or conclusions. *General Motors Oil Co.* v. *Matheny, supra; Kent, etc., Grocery Co.* v. *George Hitz & Co., supra; Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Little Wonder Light Co.* v. *Van Slyke* (1926), 198 Ind. 269, 153 N. E. 477; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47.

A receiver should not be appointed without notice where a temporary restraining order could be issued which would protect plaintiff until notice could be given and the application for a receiver determined upon its merits. *Tucker* v. *Tucker, supra; Bookout* v. *Foreman* (1926), 198 Ind. 543, 154 N. E. 387; *Hizer* v. *Hizer, supra; Firestone Coal Min. Co.* v. *Roetzel* (1930), 201 Ind. 430, 169 N. E. 465. To justify the appointment of a receiver without notice, plaintiff must show that the issuing of a temporary restraining order, or other relief that may be obtained, will not protect the property until notice can be given. *Ledger Publishing Co.* v. *Scott, supra.*

After alleging that the funds of the defendant were being wrongfully paid out by its president, who was also its manager, the plaintiff alleged "that unless a receiver is appointed for said property immediately this income will be spent and wasted and the plaintiff will lose his entire security for the indebtedness of said defendant to him, secured only by this income." No other cause for the appointment of a receiver without notice is stated. And it does not appear that the plaintiff could not have been protected by a restraining order against the defendant and its president until a hearing could be had. The verified complaint does not show

sufficient facts to justify the appointment of a receiver without notice.

The judgment is reversed, with directions to set aside the appointment of the receiver.