HUTCHINSON'S ESTATE ET AL. *v.* ARNT,
ADMINISTRATRIX, ET AL.

[No. 27,223. Filed June 13, 1939. Rehearing denied
October 11, 1939.]

*Hicky & Dilworth,* for appellant.

*Walter R. Arnold,* for appellee.

FANSLER, C. J.—The controversy here involved is closely related to the one involved in *Hutchinson et al. v. Arnt et al.* (1936), 210 Ind. 509, 1 N. E. (2d) 585, 4 N. E. (2d) 202, 108 A. L. R. 530. The former case was

an action by Amy Hutchinson Arnt, administratrix *de bonis non* with the will annexed of the estate of William B. Hutchinson, Sr., deceased, against the estate of Emma Hutchinson, his widow, for damages for conversion of personal property, which Emma Hutchinson took into possession after administering the estate of her husband, and which it was alleged was dissipated. There is reference in the former case to $20,000 of bank stock, which it was indicated in the briefs in that case had been eliminated from consideration. The suggestion was no doubt made because of the fact that the action there was for conversion, and the bank stock had not been converted, but was still in the possession of Emma Hutchinson at her death, and, technically at least, in possession of her estate. It was held in the case referred to that, after Emma Hutchinson concluded the administration of her husband's estate under his will and took possession of the personal estate: "Her responsibility for the preservation of the principal of the personal estate, if any, was to the remaindermen, and not to the estate of her husband. Any right of action for conversion is in the remaindermen. They are the real persons in interest. Appellants brought these remaindermen into the case by cross-complaint." The case was therefore decided upon the merits as between the estate of Emma Hutchinson and the remaindermen under the will of William B. Hutchinson, Sr., and it was clearly held that the estate of William B. Hutchinson, Sr., had no interest in the personal property which had been taken possession of by the widow after settling his estate, but that title to that property, or so much thereof as should remain, immediately vested in the heirs of William B. Hutchinson, Sr., under his will.

It appears from the record before us that after the death of Emma Hutchinson, the administrators of her estate filed in the court administering the estate a peti-

tion to determine the ownership of 400 shares of bank stock (the $20,000 of bank stock referred to in the other opinion). This stock, although the certificates and the number of shares had been changed, was directly traceable to the stock held by William B. Hutchinson, Sr., at his death. The heirs of William B. Hutchinson, Sr., and the State Board of Tax Commissioners were made parties to the petition. The estate of William B. Hutchinson, Sr., was not made a party to the petition. It was alleged in the petition that this stock was listed and inventoried as an asset of the estate of Emma Hutchinson; that a question had arisen as to whether absolute title to said stock was vested in Emma Hutchinson under the will of William B. Hutchinson, Sr., and therefore as to whether the stock was an asset of the estate in the hands of the administrators for administration; that if absolute title to the stock did not pass to Emma Hutchinson, and through her to the administrators, "there will be material difference in the amount of inheritance tax to the State of Indiana to be paid thereon and that the procedure and proportion of distribution will be materially different." It is recited that the heirs of William B. Hutchinson, Sr., are made parties so that they may make showing as to their interest, and the State Board of Tax Commissioners so that it may make showing in respect to the taxes. After reciting that the parties had appeared to the petition, there was judgment as follows: "The Court now being duly advised in the premises finds, declares and adjudges that four hundred shares of stock of Citizens Bank of Michigan City, Indiana, described in the petition of administrators, and answers of the defendants herein, does not constitute assets of the estate of Emma Hutchinson, deceased, but does constitute assets of the estate of William B. Hutchinson, deceased, and passes under the terms of the will of said William B. Hutchinson, deceased." This order was made on the

7th day of February, 1934. Thereafter Amy Hutchinson Arnt petitioned to be appointed administratrix *de bonis non* with the will annexed of the estate of her father, and to have the estate reopened, and gave notice of her petition, and on the 17th day of February, 1934, an order was made reopening the estate and appointing her as administratrix *de bonis non* with the will annexed. Thereupon, as such administratrix, and upon behalf of said estate, she brought the action above referred to and heretofore decided by this court.

In that case it was decided, as above pointed out, that the estate of William B. Hutchinson, Sr., had been finally settled, and that no action to recover the personal property from the estate of the widow, or to recover damages for its conversion, would lie in the name of the estate, but that the widow and her estate were accountable directly and only to the heirs. If that rule applied to the personal estate other than this bank stock, it must necessarily have applied to the bank stock also, and if title to the other personal estate vested in the heirs when the widow took possession of it under the will, the same must be true of the bank stock, and title to the stock must have vested at that time, and must still remain, in the heirs, and not in the estate of William B. Hutchinson, Sr., unless there is some adjudication or judgment or transfer which has since divested the title or estopped the appellant from asserting it.

Immediately after the decision of the case above referred to by this court, the appellant demanded that Amy Hutchinson Arnt deliver to him 133⅓ shares of the bank stock, which she refused to do. Thereupon the appellant filed his petition, which gave rise to this action, in the estate of William B. Hutchinson, Sr., setting up the facts above detailed and praying revocation of the order redocketing the estate and of the order issuing letters, as having been made without jurisdiction, and asking that

the court direct Amy Hutchinson Arnt, who is holding the bank stock under pretense that she holds the same as an officer of the court as administratrix *de bonis non*, to deliver 133⅓ shares of said bank stock to the petitioner. There was an answer to this petition and a demurrer to the answer, which was carried back to the petition and sustained, and a judgment that the appellant take nothing.

In the light of the law as declared in the former opinion of this court, it is necessary to determine whether the order or judgment above quoted, entered upon the petition of the administrators of the estate of Emma Hutchinson, deceased, is an adjudication vesting title in the estate of William B. Hutchinson, Sr. It is noted that after that adjudication the administratrix *de bonis non* with the will annexed was appointed, and that there was objection by the appellant here to the appointment upon the ground that there were no assets to be administered. But it seems clear that the mere appointment of an administratrix *de bonis non* is not designed to, and does not, determine the title to property, and cannot be sufficient to divest title that has already vested. If the court had adjudicated that the property "passed," instead of "passes," under the terms of the will of William B. Hutchinson, Sr., it would be consistent with the ruling of this court. The estate of William B. Hutchinson, Sr., was not a party to the proceeding, and it would be strange if the judgment would be sufficient to divest title already vested in the heirs, and re-vest title in the estate of William B. Hutchinson, Sr., when the estate was not a party to the proceeding. It seems clear that the purpose of the proceeding, conducted as a part of the administration of the Estate of Emma Hutchinson, was to decide whether or not the bank stock belonged to her estate, and hence descended to the appellant, and whether it was to be included as a basis for

inheritance tax as a part of her estate, or whether it had descended from the father to the appellant and his two half-sisters. It will be remembered that at the time of that adjudication there was no administration of the estate of William B. Hutchinson, Sr., pending, there was no administrator or executor acting, there were no debts or claims unpaid, and there was nothing to administer upon. It was only after that judgment that Emma Hutchinson Arnt began proceedings to have the estate reopened and to seek to charge her stepmother's estate with damages for conversion of the personal estate of her father. The trial court correctly concluded that the bank stock was not a part of the estate of Emma Hutchinson, and not a proper basis for the computation of inheritance taxes against that estate, and that the property passed by inheritance under the will of William B. Hutchinson, Sr. Why the word "passes" was used is not clear. It was not a recurrent thing, and there seems to have been no basis for using the word as indicating a present passing. If, as was said in the same sentence, the stock "does constitute assets of the estate of William B. Hutchinson, deceased," it had not yet passed, and, in strictness, the language should have been that it will pass, or may pass, under his will. We have carefully examined the petition and the issues under which the order was entered. The petition asserted that the estate of William B. Hutchinson, Sr., had been fully administered upon and was closed. There is nothing to indicate that there was any thought or consideration given to the necessity of the bank stock having to pass through the hands of the estate in order to reach the heirs, and it is not reasonable to conclude that any such question was within the issues. We can only reasonably conclude that the court had no intention of determining the time of passing; that it was merely intended to adjudge that it was not the property of Emma Hutchin-

son or her estate; and that it did pass to the heirs of William B. Hutchinson, Sr., under his will, and that it was not intended by the judgment to fix the time of passing; and that that question was not in issue.

If then there is no other adjudication or judgment fixing the time for passing, the former opinion of this court must be treated as the law of the case, and the title to the bank stock must be treated as having passed when the title to the other personal property passed to the heirs; that is, when it went into the possession of Emma Hutchinson, subject to her use and the right to diminish it during her lifetime. If this is so, it is not properly in the hands of the appellee, Amy Hutchinson Arnt, as administratrix, and it should be delivered in an appropriate manner to the heirs if she claims to hold it as administratrix. It does not necessarily follow, however, that the letters of administration *de bonis non* with the will annexed should be revoked. Some expenses have been incurred, and they should be disposed of, and the administration terminated in a regular way.

The judgment is reversed, with instructions to enter such judgments and orders as may be appropriate to accomplish the ends suggested in the opinion.