LARGURA CONSTRUCTION COMPANY, INC. *v.* SUPER-STEEL PRODUCTS CO. ET AL.

[No. 27,273.   Filed October 23, 1939.]

*Gavit & Richardson,* for appellant.
*Prete & Springman,* for appellees.

TREMAIN, J.—Appellee, Super-Steel Products Company, filed a verified complaint in the court below against appellant to recover the sum of $1,750, alleged to be due on account, and prayed for the appointment of a receiver. On the date the complaint was filed, and without notice, in vacation, the judge, in chambers, appointed a receiver of appellant. Two days thereafter the appellant appeared before the judge, in vacation, and excepted to the order and prayed an appeal to this court, which was granted. The record and assignment of error were filed in this court within ten days. The error relied upon for reversal, stated in different forms, is that the judge, in vacation, erred in appointing a receiver of appellant without notice.

The complaint did not allege either the insolvency or the imminence of insolvency. It alleged that funds were due to the appellant from the United States government, but did not allege that said funds were received or would be received and distributed before notice could be given; that the plaintiff feared that at some future date the officers of the appellant would receive the funds and distribute them to other persons; that appellant would not admit the validity of the claim sued upon; and that its refusal to do so was unjust. It is not alleged that the officers of appellant did not reside in the county where the action was filed, or that any one of them was absent from the county so that notice could not be served. The complaint did not allege that the officers had threatened any wrong, but only expressed the fear entertained by appellee that a wrong would be committed. It alleged:

"That to give notice to the said defendant corporation will so delay the prosecution of this plaintiff's claim against the defendant, as well as the claims of other creditors, that the funds which will be realized and paid over by the United States of America to the defendant will be placed beyond the reach of this and other creditors before their claims may be determined and adjudicated and would in the opinion of this plaintiff irreparably and severely damage this plaintiff and other creditors."

Section 3-2602 Burns' Ind. St. 1933, § 1156 Baldwin's 1934, provides:

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit."

Under this section of the statute it has been held that, if a temporary restraining order will provide protection to the complaining party, a receiver cannot be appointed. *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. (2d) 34; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494; *Ryder* v. *Shea* (1915), 183 Ind. 15, 108 N. E. 104; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47.

The funds due from the government not having been received by appellant, and there being no allegation that such funds are due and will be received immediately or within a short time, no reason appears why the restraining order would not have been sufficient. If either an injunction or attachment were issued, the adverse party would be protected by a bond. The most that can be said of the plaintiff's complaint is that it contains the conclusions, expressed fears, and opinions of the plaintiff rather than averments of facts.

In the many cases appealed to this court where a receiver has been appointed without notice, scarcely any

can be found where the action of the lower court has been affirmed. Almost without exception the causes have been reversed, and many upon facts stronger than shown in this case. *The Wabash Railroad Company* v. *Dykeman et al.* (1892), 133 Ind. 56, 32 N. E. 823; *Ryder* v. *Shea, supra; General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 113 N. E. 4; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Hizer* v. *Hizer, supra; Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905.

It has been held that in order to justify a receivership without notice the defendant must be beyond the jurisdiction of the court and there must be a specific statement of facts. The complaint must show the necessity of a receiver, and necessity of not giving notice to the adverse party. *Continental Clay, etc., Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210; *Henderson* v. *Reynolds, supra; Ryder* v. *Shea, supra; Orin Jessup Land Co.* v. *Lannes* (1923), 193 Ind. 645, 141 N. E. 454.

The facts disclosed in *Indiana Merchants' Protective Assn.* v. *Little, supra,* are much stronger than those in the instant case. It was there alleged that the funds were being wrongfully used for another business and income was being wasted, and that the plaintiff would lose its entire claim unless a receiver was appointed. Upon those allegations the judgment was reversed.

In *Hawkins v. Aldridge, supra,* it was alleged that the plaintiff had reduced his claim to judgment; that a corporation was being formed to defraud him; that there was a transfer to a pretended trust; that the property subject to execution was concealed or would be secreted and removed from the jurisdiction of the court; and that defendants, unless restrained, would remove the property from the state. This action was

reversed on appeal, the court pointing out that the claim had been pending some time; that notice could have been given or a restraining order issued which would have afforded protection.

The account sued upon in the case at bar shows upon its face to be based upon an alleged breach of contract, the facts of which were known to plaintiff several years prior to the date of this action.

In this case the only evidence before the court was the verified complaint, and it did not make a sufficient showing to warrant the appointment of a receiver without notice.

The judgment of the lower court is reversed with directions to vacate the appointment of the receiver.