SECOND REAL ESTATE INVESTMENTS, INC. *v.* JOHANN, JR.
ADMINISTRATOR D.B.N., ET AL.

[No. 28,891. Filed March 30, 1953.]

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan, Robert Kahn,* and *Kahn, Dees, Donovan & Kahn* (of counsel), all of Evansville, for appellant.

*Arthur C. Stone, Jack A. Stone* and *Stone & Stone* (of counsel), all of Evansville, for appellee, William Johann, Jr., Administrator *de bonis non* of the estate of Bessie Johann, deceased.

*Robert J. Hayes,* Receiver, *pro se.*

EMMERT, C. J.—This is an appeal from an interlocutory order appointing a receiver after summons had been issued and placed in the hands of the sheriff for service. The first specification of assignment of errors, which is that the "court erred in appointing a receiver for the appellant," is sufficient to present all questions involved in other specifications of error.

On February 19, 1952, William Johann, Jr., as Administrator *de bonis non* of the Estate of Bessie Johann, Deceased, filed his complaint against the Second Real Estate Investments, Inc. The complaint is as follows:

"The plaintiff, for cause of action against the defendant, alleges and says:

"1. That the plaintiff is the duly qualified and acting Administrator de bonis non of the estate of Bessie Johann, deceased;

"2. That the said Bessie Johann, at the time of her death, was the owner of certain certificates of the common capital stock of the defendant, representing thirty (30) shares of stock, and that one, William Johann, Sr., was, and is, the President of the defendant, and was the Administrator of the estate of Bessie Johann, deceased, and had the custody of the assets of Bessie Johann, deceased; that William Johann, Sr., as President of the defendant, and as Administrator, and as an individual, concealed the ownership of Bessie Johann, deceased, in said defendant, and that this ownership was not discovered until the year 1951 because of such concealment; that since the discovery of the ownership by Bessie Johann, it has further been discovered that the defendant has conveyed property to its President, William Johann, Sr., from time to time, and to other persons that the said William Johann, Sr., directed the same to be conveyed, and that no adequate consideration was paid for said property to the defendant, and the proceeds of such sales have not been properly accounted for, but that the exact records of said transactions can only be determined by an accounting of the activities of the defendant and of its

President, William Johann, Sr.; that the said William Johann, Sr. is now a non-resident of the State of Indiana, and is transferring his assets, and the assets of the defendant out of the Jurisdiction of the Courts of the State of Indiana; that the said William Johann, Sr. as President of the defendant, has concealed the facts surrounding the financial condition of the defendant, but that because of his transfer of assets out of the State of Indiana, the defendant is in imminent danger of insolvency, and that an emergency exists for the appointment of a Receiver for said defendant, without notice, and that unless a Receiver is appointed for said defendant, the said William Johann, Sr. will continue to transfer these assets and will remove all said assets leaving only liabilities, and the plaintiff will suffer irreparable damage.

"WHEREFORE, the plaintiff prays that an accounting be had of the corporate affairs of said defendant, and that the Court determine an emergency exists for the immediate appointment of a Receiver for said defendant, without notice, to take charge of the assets of said defendant, and that the Receiver be authorized to employ such accountants, attorneys, agents and assistants' necessary to render a proper accounting thereof, with the usual powers and authority conferred upon Receivers in such cases, and for all other proper relief."

William Johann, Jr., in his verification to the complaint stated, "That he has read the foregoing complaint, and the facts set out therein are true." The same day summons, returnable March 10, 1952, was issued on the complaint for the Second Real Estate Investments, Inc., and this was placed in the hands of the sheriff for service. The same day the administrator *de bonis non* signed a notice directed to the Second Real Estate Investments, Inc., for the hearing on the appointment of a receiver, said notice being as follows:

"You are hereby notified that the undersigned has filed complaint in the above entitled cause for

an accounting and for the appointment of a Receiver, and that the same is set for hearing at 11:00 o'clock A.M. on the 19th day of February, 1952, in the Vanderburgh Probate Court."

The service of this notice was acknowledged in behalf of the appellant by the following endorsement:

"The undersigned hereby acknowledges receipt of the foregoing notice this 19th day of February, 1952.
SECOND REAL ESTATE INVESTMENTS, INC.
BY (s) William Johann, Jr.
Secretary"

The Indiana statutory requirement for notice states that "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application of such appointment, except upon sufficient cause shown by affidavit." Section 3-2602, Burns' 1946 Replacement. This section of the Code is declaratory of the equitable practice "to require the moving party to give due notice of the application to defendant, over whose effects he seeks the appointment of a receiver, in order that he may have an opportunity of being heard in defense, and that his property may not be summarily wrested from him upon an *ex parte* application." High, Receivers (4th Ed.) §111, p. 128. If it be assumed that the service of notice was upon a proper representative of the corporation, it is quite evident that the notice served after the beginning of business hours of the court for a hearing on the appointment of a receiver to be held at 11:00 o'clock the same morning would not be sufficient time to prepare to resist an application for the appointment of a receiver, and that such a short time is not a "reasonable notice of the application" as required by

§3-2602, Burns' 1946 Replacement. Therefore, unless
the appointment was valid as an appointment without
notice, the order should be reversed and the appoint-
ment vacated.

The evidence received by the court on the matter
of the appointment consisted of the verified complaint
and an affidavit executed by William Johann, Jr., which
reads as follows:

"WILLIAM JOHANN, JR. being first duly sworn,
upon his oath says:
"That he resides at 1419 Brookside Drive, Evans-
ville, Indiana;
"That the officers of Second Real Estate Invest-
ments, Inc. are William Johann, Sr., President,
and this affiant, William Johann, Jr., Secretary;
that they are the only officers of said corporation;
that William Johann, Sr., the President of said cor-
poration, is a non-resident of the State of Indiana
and is now a resident of the State of Florida;
"That he has read the complaint filed in the above
entitled cause, and that the statements set out
therein are true;
"That William Johann, Sr., President of said
Second Real Estate Investments Inc. is removing
the assets of said corporation from the State of
Indiana, and that he has been so doing for a num-
ber of years."

When a receiver is appointed without notice the only
evidence under §3-2602, Burns' 1946 Replacement,
which is proper to be considered by the court,
must be in the form of affidavits, which also may
include the verified complaint. *Marshall* v. *Mat-
son* (1908), 171 Ind. 238, 86 N. E. 339; *Tormohlen* v.
*Tormohlen* (1936), 210 Ind. 328, 332, 1 N. E. 2d 596.
Commenting on this requirement of the statute, this
court, in *Sullivan Electric Light and Power Co.* v. *Blue*
(1895), 142 Ind. 407, 417, 41 N. E. 805, said: "There
the statute quoted has wholesomely provided that cause

for an appointment of a receiver without notice to the adverse party must be shown by affidavit. That implies that it must be in writing and filed as the cause of such appointment. Thus the adverse party may know the exact facts upon which the judge acted in appointing a receiver in his absence and wresting from him the control of his property without a hearing or an opportunity for such hearing. Without such facts being spread upon the record on appeal to a higher court from such an interlocutory order allowed by another section of the same statute, the appeal might prove to be fruitless and unavailing. So that we must look to the facts stated on paper, at the time the application in this case was made, exclusively to find the cause, if any there was, to justify the appointment without notice."[1]

The briefs of both parties to this appeal make no contention that Second Real Estate Investments, Inc., was a non-resident corporation, but discuss the issues on the assumption that it was an Indiana corporation, and it will be so considered by us. The allegation that the president is a non-resident of Indiana and is transferring his assets, and the assets of the corporation out of the State of Indiana, and that because of such transfer of assets the corporation is in imminent danger of insolvency, is not a statement of evidentiary facts sufficient to make out a case where the corporation is in imminent danger of insolvency under the fifth clause of §3-2601, Burns' 1946 Replacement.[2] The corporation could be perfectly solvent since

1. The court's finding that the Process Agent of the corporation was a non-resident was without evidence to substantiate it and therefore must be disregarded.

2. "Facts showing a sufficient cause to exist for the appointment of a receiver without notice must be stated in the verified complaint, or affidavit or affidavits, not mere opinions or conclusions. *General Motors Oil Co.* v. *Matheny, supra; Kent, etc., Grocery Co.* v. *George Hitz & Co., supra; Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Tucker* v. *Tucker*

there is no allegation in this specification of the complaint that the assets would cease to be the property of the corporation, nor is there any allegation that the corporation was unable or would be unable to pay its debts in the usual course of trade or business. Nor was there any allegation that the corporation had any creditors anywhere. See *Royal Academy of Beauty* v. *Wallace* (1948), 226 Ind. 383, 78 N. E. 2d 32, 81 N. E. 2d 534. The fact that it may have been difficult for the administrator *de bonis non* to prove insolvency or imminent danger of insolvency does not relieve him of the duty to prove his case before a receiver is appointed.

The allegations in the complaint that the president had conveyed property to himself and to others and that "no adequate consideration was paid for said property to the defendant [corporation], and the proceeds of such sale have not been properly accounted for," may be statements of ultimate facts, but they are not allegations of evidentiary facts sufficient to make out a case where the president of a corporation was violating his fiduciary duty thereto by defrauding his corporation, by the device of sales to himself and to others at prices below the reasonable value for the property, and then converting or embezzling the proceeds which should have been paid to the corporation.

By a long line of decisions this court has firmly established the policy that a receiver will not be appointed without notice to the adverse party where a restraining order will afford ample protection until notice can be given.[3] *Kent Avenue Grocery Co.* v.

(1924), 194 Ind. 108, 142 N. E. 11; *Little Wonder Light Co.* v. *Van Slyke* (1926), 198 Ind. 269, 153 N. E. 477; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47." *Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 196, 172 N. E. 905. See also *Hampton* v. *Massey* (1939), 215 Ind. 247, 248, 19 N. E. 2d 464.

3.   "The statutes of Indiana provide specifically that a receiver can only be appointed without notice upon sufficient cause shown by affidavit. The Supreme Court of Indiana lays down three

*George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659; *Orin Jessup Land Co.* v. *Lannes* (1923), 193 Ind. 645, 141 N. E. 454; *Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 111, 142 N. E. 11; *Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 343, 7 N. E. 2d 34, 109 A. L. R. 1205; *Hoosier Nat. Life Ins. Co.* v. *Gary Elec. Co.* (1938), 214 Ind. 597, 17 N. E. 2d 85; *Largura Constr. Co.* v. *Super Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. 2d 772; *Industrial Machinery Co.* v. *Roberts* (1947), 225 Ind. 1, 72 N. E. 2d 223.

There is no reason why a temporary restraining order could not have been had. Section 2-804, Burns' 1946 Replacement, provides as follows:

> The process against corporations may be served as follows:
> "...
> "(b) Process against any domestic corporation shall be served upon any one of the following persons or officers of the corporation: The president, vice-president, chairman of the board of directors or trustees, cashier, secretary, treasurer, director, or its resident agent named in its articles of incorporation, and if none of such persons be found in the county where suit is pending, process may be sent for service to any other county in the state where such person may be found.
> "...

---

salutary rules governing such appointment. These rules are substantially covered by the statement of the author in the beginning of this section, nevertheless they will bear repetition as stated by the Indiana court as follows:

"1. That the property is about to be wasted, destroyed or removed beyond the jurisdiction.

"2. That the issuing of a temporary restraining order or other relief that may be obtained, will not protect the property until notice can be given.

"3. That delay until notice can be given will defeat the object of the suit." 1 Clark, Receivers (2d Ed.) §82, pp. 111, 112.

"(f) Process upon a foreign corporation authorized to do business in this state may be served upon its agent in this state appointed to receive service; Provided, however, That if the persons mentioned in subsections (a), (b), (c), and (f) hereunder can not be found for service, process may be served upon the secretary of state of the state of Indiana and such secretary of state shall mail such process to the post-office address of the corporation as shown on its last annual report to the secretary of state, and such service shall be sufficient to give the court of issue jurisdiction of the corporation party."

This statute is remedial in its purpose and should be liberally construed. *Dodgem Corp.* v. *D. D. Murphy Shows, Inc.* (1932), 96 Ind. App. 325, 183 N. E. 699, 185 N. E. 169.[4] The proviso clause in subsection (f) is not limited to a foreign corporation since subsection (b) applies only to a domestic corporation. Therefore, if none of the officers or agents mentioned in (b) can be found for service, process may be served upon the Secretary of State of Indiana. This is the construction adopted by appellant in its reply brief wherein it admits that service could be had on the Secretary of State if the administrator *de bonis non* had sought remedies other than the appointment of a receiver without notice.

The notice given by the administrator *de bonis non* was signed by him as has been the general practice. See 3 Thompson, Indiana Forms (2d Ed.) §2311, p. 351. The same practice prevails in giving notice of an application for a temporary injunction. 2 Thompson, Indiana Forms (2d Ed.) §1479, p. 391. There is no statutory requirement that notice for appointment of a receiver or notice of an application for

4. "The provisions of this act shall be liberally construed, and shall not be limited by any rules of strict construction." Section 2-4703, Burns' 1946 Replacement.

a temporary injunction be prepared or signed by the moving party. Under §§4-305, 4-306 and 4-307, Burns' 1946 Replacement, circuit courts have power to issue and direct all process to corporations and individuals "which shall be necessary to the regular execution of the law,", to frame new writs when there "shall be occasion for any new process for which no form is prescribed by law." Under §§4-2010 and 4-2013, Burns' 1946 Replacement, the Superior Court of Vanderburgh County has the same jurisdiction to issue new writs, and under §4-3010 the Vanderburgh Probate Court has concurrent jurisdiction with said Superior Court, and under §4-3016, Burns' 1946 Replacement, the process of said Probate Court shall "be in form, as is or may be provided for process issuing from the circuit court." The Probate Court had full authority and jurisdiction to order a new writ giving notice to the corporation of a hearing on the application for the appointment of a receiver, and as suggested in appellant's reply brief, this notice could have been served upon the Secretary of State. A similar writ could be ordered and served in the same manner on an application for a temporary injunction if that becomes necessary. Such a procedure would have avoided appellant's contention that the administrator *de bonis non* was in substance in control of both parties to the suit and that therefore service on him as secretary of the corporation was void or voidable. See *Rehm* v. *German Ins. & Sav. Inst. of Quincy* (1890), 125 Ind. 135, 137, 25 N. E. 173. It is our opinion that the proviso in §2-804(e), Burns' 1946 Replacement, is not limited to corporations operating steamboats.[5]

---

5. The proviso in §2-804 (e) provides as follows: "Provided, however, That process shall not be served upon any such person, officer or agent when he is plaintiff in the suit; but, in such cases, process may be served upon such person, officer or agent of the corporation other than such plaintiff."

We are not in agreement with the appellant's contention that the administrator *de bonis non* had no interest in the prosecution of this action. A fair construction of the complaint shows that the stock owned by the mother of the administrator *de bonis non* and widow of the president of the corporation, was not administered by William Johann, Sr. "After the appointment and qualification of an administrator de bonis non he is entitled to all the assets belonging to the estate whether they remain in specie or have been misappropriated or converted by the former administrator. If they remain in specie, the title to them vests at once in the administrator de bonis non and he may recover them from any one who detains them wrongfully." 1 Henry, Probate Law and Practice (5th Ed.), p. 84, §79. The cases of *Hutchinson's Estate* v. *Arnt* (1939), 215 Ind. 687, 21 N.E. 2d 402, and *Ormes' Estate* v. *Brown* (1899), 22 Ind. App. 569, 52 N. E. 1005, are not in point.

Nor do we agree with the appellee's position that appellant's general appearance in this appeal in this court was a waiver of the question of the jurisdiction of the trial court over the person of the corporation. Taking an appeal from an interlocutory order appointing a receiver without notice is not an appearance to the action. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339, *supra*. See also *Bank of Jasper* v. *First National Bank of Rome, Georgia* (1922), 258 U. S. 112, 42 S. Ct. 202, 66 L. Ed 490.

The interlocutory order appointing a receiver is reversed with instructions to the trial court to vacate the appointment.

NOTE.—Reported in 111 N. E. 2d 467.